By the Court.
Sandford, J.
There is no complaint of the first item allowed by the referee, the $24 11 balance of the marble account. As to the $20 allowed for the use and occupation of a part of the room adjoining those described in the plaintiff’s lease to Dixon & Stoney, in 1845, if the question were submitted to us as jurors, we think we should have decided against the plaintiff. The language of the receipt for rent, dated February 2d, 1850, together with the mode of occupying the room during the whole time the defendant was a tenant, goes far to show that it was considered as a part of the demised premises, iind that the words “ except that part,” in the lease dated March 15,1850, were intended to be confined to so much of the room ;as was occupied as a polishing shop, and not to extend to the whole room. But the referee has found, on the evidence, that *254 the occupation by the defendant of a part of this room, was distinct from, and not embraced in the premises demised by the lease in 1845, and the subsequent parol lettings of the same ; and the preponderance of testimony is not such as to warrant us in disturbing his conclusion.
The remaining items allowed by the referee, viz., the rent from February 1st, to February 20th, 1850, and the costs of the summary proceedings to remove the defendant from the premises, depend upon the same question.
The defendant was removed from the premises under the proceedings for that purpose before the justice, but the proceedings were removed to the supreme court by a writ of certiorari, allowed March 9,1850, and the cause is still pending in that court on the return to that writ.
At common law, a certiorari suspended all further proceedings by the court, or officer to which it was issued, and all such subsequent proceedings were erroneous. (Bac. Abr. Certiorari, G. & K; Patchin v. Mayor, &c., of Brooklyn, 13 Wend. 664.) Except in the single particular of an execution, already issued and in the process of being executed, the certiorari suspends entirely the force of the judgment sought to be renewed. This rule has been altered by the statute relative to summary proceedings to recover the possession of land, &c., so far as the proceedings upon the application to the justice are concerned. (2 R. S. 516, § 41.) Except as to these, the common law still prevails. Hence, when a certiorari is duly issued in such a case, it suspends- the effect of the judgment of the justice in every collateral matter, and, indeed, in everything, except what ■ remains to be done by the justice himself upon the application before Mm. It does not prevent the justice from issuing his warrant to dispossess the tenant. He may proceed to judgment and execution,, that isr to such execution of his judgment as the law points out. But this is all. His judgment does not, in a collateral suit,, prove the landlord’s right to re-enter, or that the tenancy has ceased, if it appear that the judgment has been removed to the supreme court by a certiorari.- The same principle applies to a suit by the landlord to recover his expenses incurred before the justice The justice can grant no execution for those costs. They can only be recovered by an action against the tenant. The action *255 for such costs, as well as an action for rent, or use and occupation, up to the date of the dispossession, is not a proceeding on the application before the justice. Both grow out of it, but the justice has nothing to do with either, and they are in no sense proceedings before him, or on the summary application.
To such suits, therefore, the common law rule applies. If a certiorari be issued before they are commenced, they are stayed altogether until the writ is in some manner finally disposed of. If issued while such suits are pending, as the certiorari suspends the force of the judgment before the justice, the landlord’s right to recover his expenses there is also suspended. If the justice's judgment be reversed, he has no right to the expenses ; if it be affirmed, his right to them revives. While the certiorari is pending, the suspended justice’s judgment furnishes to the landlord no evidence of a right to those costs.
So as to the rent for the fraction of a quarter, for which the referee, in this case, reported in favor of the plaintiff. His whole right to sue for that rent before the end of the quarter, rested on the justice’s judgment in the summary proceedings. But the certiorari, while pending, took away the efficacy of that judgment. So far as the right to the fractional rent is concerned, the case stands by reason of the certiorari, as if no such judgment had been given. The plaintiff, therefore, had no evidence to warrant him in suing for the rent until the end of the quarter, that is, until May 1st, 1850, and the referee erred in permitting him to recover for it. The report is equally erroneous as to the expenses before the justice. No right to recover them was shown, or could be shown, while the certiorari was pending.
We must, therefore, reverse the judgment, and set aside the report, unless the plaintiff will consent to reduce his recovery to the amount of the two items first mentioned.