By the Court, Robertson, Ch. J.
The affidavit upon which the summary" proceedings taken by the defendant to terminate the plaintiff’s lease and eject him and his sub-tenant from the premises in question were founded was true and in proper form to give jurisdiction ; the proceedings were regular, and taken with the plaintiff’s knowledge; he omitted to pay the rent, for whose non-payment they were taken, until the warrant of removal was . issued, intentionally. The complaint contains no allegation of either fraudulent representation or concealment by the defendant to induce the plaintiff to abstain from paying such rent in order to allow the former to avoid such lease by procuring such warrant. Any right of the plaintiff to an injuncton order must rest therefore either on a contract or on an estoppel; neither could exist in this case, unless it arose from some benefit to accrue to the defendant, or injury to the plaintiff, by something growing out of the supposed understanding on which they are founded. An equitable estoppel cannot be created out of a mere executory promise, sometimes miscalled a representation, of a future intention . which is in fact a mere contract, (Maunsell v. White, 4 Ho. Lords C. 156, per Ld. Cranworth,) and may be specifically enforced, or damages recovered for its non-performance ; but only out of a misrepresentation or concealment of an existing fact or right. (Plumb v. Cattaraugus Co. Mut. Ins. Co., 18 N. Y. Rep. 392.) When it is considered to be as it was represented. (Neville v. Wilkinson, 1 Bro. C. C. 543, per Ld. Mansfield.) No allegation of such a representation is made in the complaint. The only imaginable contract by the defendant which would sustain the plaintiff's action would be either one not to dispossess him by the warrant of removal when obtained ; or else after removing him, to give him a new lease upon the same terms as the old one, or some other definite terms, so as to confer a right to continue his possession; *486 this is evident from the termination of such tenancy as it previously existed, by the mere issuing of the warrant, without its execution, as provided in the statute. (2 R. S. 515, § 43.)
If the proceedings to obtain such warrant were regular; and free from all fraud or surprise, and it was obtained on notice to the plaintiff and his omission to pay the rent due, nothing but such a contract founded upon a sufficient consideration, and made in such a manner as to be binding on the defendant, could prevent the legal consequences of issuing such a warrant. •
A contract for a new lease for the time the former one had to run, would be void, if not made in writing, (2 R. S. 135, §§ 8, 9.) If for a shorter time, that should have formed part of the contract. An agreement by the defendant not to avail himself of the remedies the law gave him in case of non-payment of rent, provided the plaintiff would continue to omit to pay it, would be very extraordinary, if not void for want of a consideration ; by it, the defendant would be prejudiced, instead of benefitted, and the plaintiff benefitted instead of prejudiced : since the former would abandon such means of collecting his rent, and the latter gain delay in its payment. If the dispossession of the sub-tenant was the benefit to be derived, it would be impossible to issue the warrant against him without terminating the plaintiff's whole lease, and the agreement must go to the extent of maintaining, or restoring, that, in case of the issuing of the warrant; but it does not appear for whose benefit the sub-tenant was dispossessed; if for the defendant’s, he was entitled to take possession of his part of the premises; if for the plaintiffs, and his lease remained, he had the power of reletting it to the same tenant without the defendant’s assent. It is very difficult to imagine any consideration for the entire abandonment, by the plaintiff, of his rights growing out of the issuing of the warrant, legally binding upon him, from the statement in the papers, before us, of the supposed contract.
In order, however, specifically, to enforce a contract, several ingredients in it are necessary; it must contain a mutual obligation, unless the consideration is executed; (Benedict v. *487 Lynch, 1 John. Ch. 370;) if formed by the acceptance of a proposal, the latter must be precise as to the terms (Fry on Spe. Perf. §§ 221 to 231 inch) and the former unequivocal, unconditional and without any variation. {Id. §§ 168,169, and cases cited.) In the present case, there was no obligation on the defendant even to take the proceedings under the supposed agreement, and no consideration moving from the plaintiff, except his refusal to pay his rent, for agreeing to abstain from dispossessing the plaintiff; the only acceptance by the defendant of any proposal by the plaintiff was by silent “ acquiescence;” such proposal was. oral; it was to take proceedings to obtain a dispossessing warrant to remove the obnoxious subtenant;' no allusion was made in such proposal to the effect of such warrant on the rights of the plaintiff. Without that, it is to be presumed he was to be left to his legal rights derived therefrom ; the amount of all the allegations in the complaint, as to what took place at the time of such proposal, is substantially that the defendant demanded the rent when it became due, the plaintiff suggested a repetition of a previous unsuccessful experiment, to take summary proceedings, in order to remove the objectionable tenant, and gave reasons for believing that such second trial would be successful; the defendant merely expressed doubts as to such success, and parted from the plaintiff without saying any thing more. On such previous occasion, the defendant, as alleged in the complaint, proposed to the plaintiff not to pay his rent, upon which he, the defendant, would institute proceedings, ostensibly to dispossess both the plaintiff and his sub-tenant, but in fact to eject the latter only, to which the plaintiff assented ; which was the only understanding be-1 tween the parties alleged in the complaint; yet the plaintiff avers therein, that on the second occasion he was under the full ' belief that the defendant intended to eject such sub-tenant by similar proceedings, and upon the same understanding as “ to their effect against the plaintiff,” without furnishing any ground for such "belief but the defendant’s silence, which certainly did not warrant it. A mere arrangement, that a certain proceeding was to be taken and enforced against one party, would not *488 necessarily imply that its effect was to he limited to that use, or that, if by statute it enured to other purposes, such result was not to follow. On such second occasion, there was still less room for such implication; since the application, and suggestion came wholly, from the1 plain tiff; and unless the.conduct, and language of the defendant on that occasion, beyond mere, silence, was such as to show he meant to bind himself not to. coerce- payment of the rent, or annul the lease, by such statutory remedy, he did not relinquish its full benefit. If the .plaintiff, desired to restrain him from using it, as against him, he should, have taken care to have secured such a stipulation as would have protected him. The defendant, however,, in. his answer,, denies-any such conversation as . 'that stated in the complaint,i and alleges that he notified the plaintiff, that he would'dispossess him if he did not pay the rent due, and if driven to take proceedings for the purpose, they would be as hostile to thé plaintiff as any one else, and- similar allegations, in substance; are contained in an. affidavit of the defendant, although such latter-allegations are denied by the plaintiff, also in an affidavit. These contradictory- statements would leave the matter in doubt, and if the case depended upon them, would require additional evidence to turn the scale in favor of the plaintiff; but in fact the testimony of . the marshal, who served -the Warrant, - (Lyons,) as to the actual dispossession óf. the -plaintiff; and his surrender of the- premises, is strongly in favor of the defendant; the evidence' of other parties, as to the opinion expressed by such marshal as to the right of the plaintiff, after receiving the rent, and his promise to return the warrant, do not impugn his testimony in that respect; besides, no explanation is given by the plaintiff of the object of his delivering up the- keys to such marshal, which he admits. The preponderance of' evidence, if any, is therefore in favor of the defendant. . . : ,
All the equity of the complaint being, therefore, denied in the answer -and accompanying affidavits, - and there being no additional evidence to support it, the injunction order was properly vacated. (Falconer v. Elias, 3 Sandf. 731.) An *489 injunction pendente lite is, at most, a provisional remedy, granting temporary relief. The ordinary mode of determining whether it was properly granted, is on affidavits, when the court must pass upon the merits of the case presented ; if a plaintiff cannot sustain his case prima facie upon ex parte affidavits, he is unlikely to do so on the trial; at all events, if he does so, the injunction can be restored. I cannot subscribe to the rule, that if a verdict in favor of the plaintiff, upon the facts appearing in the prelimipary affidavits, would be sustained, the injunction order must be retained. On the contrary, unless it clearly appears that the plaintiff would most probably have such verdict on such facts, in other words, that the balance of probability is in his favor, it ought to be discharged.
The plaintiff has also brought a certiorari to the Supreme Court upon the proceedings in question, which, although it does not prevent the execution of the warrant of removal, suspends the effect of the judgment of the justice in every collateral matter, and every thing but such execution. (Launitz v. Dixon, 5 Sandf. 249.) The adjudication, therefore, that a warrant issue, cannot be used, until the determination of such certiorari, to disprove a holding by the plaintiff under his former lease. If those proceedings are sustained, for the reasons before given, the plaintiff must be left to his remedy at law, upon any agreement by the defendant he may be able to prove, for such damages as he may be entitled to recover.
. The order must be affirmed with costs, without prejudice to the rights of the plaintiff to amend his complaint, and upon such amended complaint, and new affidavits, to apply for a new injunction.