JUDSON S. LANDON, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF SCHENECTADY COUNTY AND OTHERS, APPELLANTS.

24h    75
70 AD  120

*Injunction — when one in possession of land as tenant, may restrain his lessor from taking proceedings to remove him.*

In 1869 one Wingate leased certain premises belonging to the county of Schenectady from the board of supervisors thereof, and erected thereon certain buildings upon the agreement that he was to be entitled to remove the same at any time during the continuance of the lease. In April, 1880, the plaintiff, who had acquired the rights of Wingate in the lease and buildings, brought this action to restrain the board from entering upon the said premises, or taking any steps to remove him therefrom, on the ground that by a resolution passed in December, 1879, his lease had been renewed for one year from May 1, 1880, upon his paying therefor the sum of fifty dollars, and that he had paid the said sum to

the county treasurer. The defendants denied the passage of the resolution and the payment of the rent.

*Held,* that as the plaintiff relying upon the alleged passage of the resolution and the payment of the rent had, in good faith, allowed the buildings to remain upon the premises, it would not be equitable to allow the defendant to take the buildings from him, even though the resolution had not in fact been passed or the rent paid; and that as no relief in this respect could be granted, if summary proceedings to recover possession of the premises were instituted, the plaintiff should be allowed to maintain this action.

APPEAL from an order made at Special Term continuing a temporary injunction granted herein.

The action was brought to restrain the defendants, The Board of Supervisors of the County of Schenectady and one of the committees thereof, from taking possession of a certain piece of ground belonging to the county, of which the plaintiff claimed to be the lessee.

The ground was leased by the board, in 1869, to one Wingate, who erected certain buildings thereon upon the agreement that he should be allowed to remove the same upon the termination of his lease. In December, 1871, Wingate sold and conveyed his interest in the lease and buildings to the plaintiff, who has ever since continued in the possession thereof.

The plaintiff claimed that in December, 1879, a resolution was passed by the Board of Supervisors extending his lease for the term of one year from May 1, 1880, at the rent of fifty dollars, and that he had, on February 27, 1880, paid the said rent to the county treasurer. The defendants denied that any such resolution had ever been duly passed or that the rent had been paid. In April, 1880, the plaintiff brought this action to restrain the defendants from removing him, and procured therein the order granting the temporary injunction from which the appeal was taken.

*S. W. Jackson,* for the appellants.

*E. W. Paige,* for the respondent.

LEARNED, P. J.:

The first question is, whether the court has power in any case to enjoin these proceedings. (2 R. S., 516, § 47.)

I think it has. The language in *Sherman* v. *Wright* (49 N. Y.,

232) implies that there are such cases. This is held in *Capet* v. *Parker* (3 Sandf., 662); *Forrester* v. *Wilson* (1 Duer, 624), and in some other cases. In many of the cases cited by the defendants the power was admitted but its exercise refused. Such is *Springsteen* v. *Powers* (3 Rob., 483). Sections 2265, subdivision 2, and 3347, subdivision 11, new Code, seem to indicate that the court has such power in a proper case.

It is not disputed that the defendants or the county are the owners of the land. Nor is it disputed that a tenant of the defendants placed on the land some buildings and that the plaintiff purchased that tenant's rights. It seems to be admitted that the plaintiff has the right during the continuance of his lease to remove the buildings. The plaintiff urges that if he does not remove them during his possession he will lose them. (*Brooks* v. *Galster*, 51 Barb., 196; *King* v. *Wilcomb*, 7 id., 263.)

The plaintiff insists that a resolution of the board of supervisors was passed December 20, 1879, authorizing a committee to lease plaintiff the premises for one year, from May 1, 1880, at fifty dollars, of which he was notified. He thereupon paid fifty dollars to the county treasurer, of which the board was notified. This has not been repaid, but is retained by the county.

It appears that there are two matters in conflict in this respect; the one whether such a resolution was actually passed, the other whether the fifty dollars paid by plaintiff was rent for a year from May 1, 1880, or for the year ending that day.

Now it is undoubtedly true, as urged with great force by defendant's counsel, that these matters present, if the plaintiff is correct, nothing but a legal defense to the summary proceedings; that if the plaintiff has no lease for a year from May 1, 1880, he has no rights whatever; if he has such a lease that will prevent a summary removal.

And this argument would be conclusive, if there were nothing involved here but the lease of the land. But that is not the case. The plaintiff has buildings on the lot alleged to be worth $1,200. These are his, but he must remove them while his possession remains. Under the belief that by the alleged resolution of the supervisors, and by his payment of the fifty dollars, he had obtained a right to remain in possession until May 1, 1881, he has allowed the buildings

to continue upon the premises. If by summary proceedings he should be removed, he would lose these buildings and might not recover them even on a reversal of the order of removal.

If it should appear on the trial that the resolution supposed to have been passed had not been passed in fact, and if it should further appear that the fifty dollars must be applied on the rent for the year ending May 1, 1880, still it would not be equitable that the plaintiff, having acted in good faith, should lose the buildings which belong to him. And we do not see how he could be protected in that respect under the summary proceedings.

We think, therefore, that the order should be affirmed, with ten dollars costs and printing disbursements.

BOARDMAN and BOCKES, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.