## City Court.

*General Term—February,* 1884.

## ANSONIA BRASS & COPPER COMPANY *against* WILLIAM C. CONNER ET AL.

Bankruptcy.—Injunction from United States Court.—Effect of stay upon sheriff, as an extension of the sixty days allowed to return execution.—An injunction order of the United States court staying the sheriff's proceedings, operates to extend the time in which he is bound to make return of the execution by as many days as he was under stay.

Appeal from a judgment rendered on a trial without a jury.

*Marshall P. Stafford,* for plaintiff and appellant.

*Vanderpoel, Green & Cuming,* for defendant and respondent.

. McADAM, Ch. J.—The levy by the defendant as sheriff gave him a special property in the goods of the judgment debtor to the extent of the execution in his hands. Wilson the judgment debtor remained the general owner of the property until the sale thereof, and had the right to release the sheriff's special property and obtain the return of his goods upon payment of the execution debt. Even if Wilson did not choose to exercise this right, he was entitled in any event to any surplus arising upon the sale. These rights in Wilson passed to his assignee in bankruptcy, and the bankruptcy court in administering his estate acquired a general jurisdiction and control over the property and equitable interests of the bankrupt. The court had the power not only to enjoin the bankrupt, but in the language of the statute "any other person" whether a party to the proceeding or otherwise, from making any disposition of the property of the bankrupt (*U. S. Rev. St.* § 5024). The injunction issued by that court, and served upon the sheriff was therefore made by a court of competent jurisdiction having the power to issue such a writ, and having general jurisdiction of the subject matter to which it related. It was a writ which the sheriff was bound to respect. The fact that it was voidable and liable to be set aside or modified as to the sheriff on application, does not detract from its binding force until vacated or modified. The sheriff, in the execution of civil process, although acting as a public officer is subject to the directions and control of the creditor at whose instance the process issues, and is therefore to a limited extent his agent. The judgment creditor was in law a party

to the bankruptcy proceedings and the bankruptcy court had obtained jurisdiction over such creditor, and had the power to restrain him or his agents from making any disposition of the bankrupt's property until the court could determine the nature and extent of the rights which such creditor was seeking to enforce to the prejudice of the other creditors of the bankrupt.

It is laid down in books of practice that, as "an injunction to restrain waste, &c., is usually directed to the party, his servants, workmen and agents, consequently, if his servants, workmen or agents, having had notice of the injunction, do anything inhibited by it, they will be guilty of a contempt" (1 *Barb. Chy. Pr.* 634 ; Davis *v.* Mayor, &c., 1 *Duer*, at p. 510). The sheriff was not bound to incur such a penalty.    He was, as an officer of the law, required to respect its process.    He was certainly not bound to treat it with contumacious defiance, in the expectation that by some technical loop-hole he might escape censure and punishment.

For as was said by the superior court, in Capet *v.* Parker (3 *Sandf.* 667), " We live under a government of law, and it is one of the peculiar felicities of our condition, that the moral sense of the community is so strongly on the side of obedience to law, that in the civil administration of justice orders and decrees of the court are submitted to as a matter of course.    It is peculiarly the duty of those who profess the law, to cherish this feeling, and to elevate and strengthen the spirit of obedience to judicial authority."

The injunction was in force for seventeen days, and according to the law laid down by the court of common pleas, when this case was last there, this delay forms no part of the sixty days allowed to the sheriff by statute to make his return to the execution herein. It follows therefore that the action was prematurely

Brass & Copper Co. v. Conner.

brought and that the trial justice rightfully dismissed the complaint.

It is true, that on the former trial, the injunction order from the United States court was not introduced in evidence, but in its place the case contained a stipulation that this order "enjoined and restrained the sheriff from all further proceedings until said execution until the further order of the court, and that said order was in full force and effect until the 14th day of December, 1875." This was the construction which the attorneys of the respective parties put upon the order at the last trial. We think they construed its legal effect properly.

The construction the parties put upon it then, we will adopt now, not simply because they gave it what they then regarded as a correct interpretation, but because we think that interpretation in view of all the facts is consonant with law, and that justice which we are called upon to administer. In short, the case which the common pleas upon the last appeal practically decided adversely to the plaintiffs is the same case we are now called upon to review, with this exception—that what the plaintiffs admitted on the previous trial, they required the defendant to prove upon the trial now under review.

This trivial circumstance cannot change the legal status of the parties. We have no other course to adopt therefore but affirm the judgment with costs.

HYATT, J., concurs.

Affirmed by Common Pleas, General Term.