THE CONTINENTAL NATIONAL BUILDING AND LOAN ASSOCIATION *et al.*, APPELLANTS, vs. G. S SCOTT RECEIVER, DEFENDANT.

Contempt Procedure—Forum to Punish For—Advice of Counsel as Defense In—Unauthorized Advice of Judge as Defense—Duty of Receiver on Supercedeas of Decree Appointing Him.

1. When an appeal is taken from an interlocutory decree in chancery, and an order is made by the Circuit Judge, under subdivision 2 of section 1458, Revised Statutes, that such appeal shall operate as a supersedeas of the decree appealed from, the power of such Circuit Judge over such *supersedeas* becomes *functus officio*. He can not vacate or disturb it, but any application for its discharge or vacation must be addressed to the appellate court, whose process it is; and, likewise, any breach or violation of it must be dealt with by the appellate court, and not by the Circuit Judge.

2. The well-settled rule is that it is no justification to a proceeding as for a contempt for the breach of an injunction or supersedeas order that the breach was committed under the advice of counsel.

3. Where an interlocutory decree in chancery, appointing a receiver, is appealed from, and such appeal is ordered to be a *supersedeas* of such decree, the power of the Circuit Judge in the premises over the receiver and the properties in his hands under such decree are suspended by such *supersedeas*; and, until the appellate court has acted in the case, he has no authority to make any further order relative to the properties in the receiver's hands under the decree superseded. And no order by the Circuit Judge while such *supersedeas* is in force will excuse the receiver for a violation of such supersedeas.

4. When an appeal is taken from an interlocutory decree appointing a receiver, and such appeal ordered to be a *supersedeas*

of such decree, such supersedeas does not have the effect of *discharging* the receiver, but simply suspends his authority as such pending the supersedeas. Such supersedeas suspends the decree appointing him as receiver, and makes it his duty at once to cease all action as receiver, and to restore the properties that have come to his hands as such to the possession of the party from whose custody it was taken by the decree superseded.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Horatio Davis* and *James B. Whitfield*, for Appellants.

*R. L. Anderson*, for Defendants.

TAYLOR, C. J.:

On the 14th day of December, 1896, D. A. Miller, F. P. Gaffney, H. C. Groves and Alexander McIntyre filed their bill in equity in the Circuit Court of Alachua county against the appellants, alleging, among other things, that Miller, Gaffney and Groves were holders of common stock of the Continental National Building and Loan Association, that was a corporation organized under the laws of Florida, having its principal office at Gainesville, Florida, and that McIntyre was the holder of twenty shares of the installment stock of The Florida National Building and Loan Association; that G. W. Hyde was president of said corporation; that James M. Graham was vice-president and treasurer thereof, and C. M. Ackerman secretary thereof; that the defendant the First National Bank of Gainesville is a corporation of which the defendant Graham is president, and the defendant G. W. Hyde is vice-president; that The

41st Fla.]  JUNE TERM, 1899.  423

Continental N. B. & L. Ass. v. Scott, Receiver.—Opinion of Court.

Florida National Building and Loan Association is a corporation organized under the laws of Florida having its place of business at Gainesville, Florida, of which the defendant Hyde is president, the defendant Ackerman vice-president and director, and the defendant Graham is treasurer and director; that the Fernandina Building and Loan Association is also a Florida corporation, of which said Hyde is also president, Ackerman vice-president and Graham treasurer; that the Continental National Building and Loan Association purchased all the property, assets and securities of the two corporations, the said Florida National Building and Loan Association and the Fernandina Building and Loan Association, assuming all of their liabilities, since which time the two last named corporations have ceased to do business. The bill then charges divers acts of mismanagement of the business of said Continental National Building and Loan Association, misappropriations of its funds, assets and property by the defendants Graham, Hyde and Ackerman, and generally that the said parties are conducting the business affairs of said corporation illegally and squandering its property and assets. The bill prays, among other things, for an injunction and receiver to take charge of the property and assets of said corporation. Upon the filing of the bill temporary injunction was granted as prayed.

Drucilla Agnew, Sarah M. Agnew and R. T. Gardner, on petition, were made parties complainant to the bill. After answers filed by all the defendants, and upon testimony taken before a master, the Circuit Judge on the 31st day of July, 1897, made an order appointing G. S. Scott receiver, with power to take possession of all the books, records, assets and property of every nature whatsoever belonging to the Florida National Building and Loan Association on the 29th day of October, 1895,

or acquired by it since, together with all moneys, or the
equivalent, paid in to the Continental National Building
and Loan Association for or on account of any stock,
mortgages or claims so illegally transferred, or a suffi-
cient amount to meet the joint demands of the parties
complainant in this suit or who shall become parties
within sixty days. On the 16th day of November, 1897,
defendants entered their appeal from said order to the
January, 1898, term of this court, and on the 17th day
of November, 1897, the Circuit Judge made the follow-
ing order of supersedeas: "On motion of appellants, by
their solicitor, it is adjudged, ordered and decreed that
the appeal taken from the interlocutory decree entered
in this cause on the 31st day of July, A. D. 1897, in va-
cation, do operate as a supersedeas and stay of proceed-
ings to the said interlocutory decree upon the appel-
lants filing a bond payable to the appellees in said cause,
with any surety company authorized to do business in
this State, as surety thereon, in the sum of $8,000, con-
ditioned to well and truly perform said interlocutory de-
cree and to pay all costs and damages that may be
awarded said appellees if said decree is affirmed in whole
or in part or the appeal be dismissed." On the 2nd day
of December, 1897, the appellants filed the bond in com-
pliance with said order of supersedeas payable to D. A.
Miller, F. P. Gaffney, H. C. Groves, Alex. McIntyre,
Sarah Agnew, Drucilla Agnew and R. T. Gardner in the
sum of $8,000, conditioned as required by said super-
sedeas order, with the Fidelity and Deposit Company,
of Maryland, a corporation, as surety. On the 14th day
of December, 1897, as appears by affidavit of F. L. Will-
iams and G. W. Hyde, the latter as president of the
Florida National Building and Loan Association, noti-
fied the said G. S. Scott, receiver, of the appeal taken
in said cause and of the supersedeas order and of the

filing of the required supersedeas bond, and demanded
of him a re-delivery to him as such president the books,
papers and assets of every kind belonging to said asso-
ciation that had been turned over to the said Scott as
such receiver under the order appointing him as such.
And on the 14th day of September, 1898, upon motion
of the appellants, supported by the affidavit of G. W.
Hyde to the effect that after such demand the said G. S.
Scott, receiver, had failed to deliver the books, assets
and property in his hands as such receiver, this court
issued a rule upon the said G. S. Scott commanding him
to show cause, if any he could, before this the Supreme
Court on Tuesday, the 27th day of September, A. D.
1898, why he should not be held and adjudged to be in
contempt of this the Supreme Court for his alleged vio-
lation of the said supersedeas in failing and refusing,
after such supersedeas took effect, to deliver up to G.
W. Hyde, president of said Florida National Building
and Loan Association, the books, papers and assets of
every kind belonging thereto that had come to his hands
or into his custody and control by virtue of the decree
appealed from and so superseded. On September 23rd,
1898, the respondent Scott filed his answer to said rule
in which he admits the rendition of the decree appealed
from and the appeal therefrom; he also admits the ren-
dition of the order of supersedeas upon condition that
the appellants file a bond as stated above; he also admits
that on the 14th day of December, 1897, G. W. Hyde
as president of the Florida National Building and Loan
Association made a written demand upon him for re-
delivery to him, the said Hyde, as such president, the
books, papers and assets of every kind belonging to said
association. The respondent further answering says:
it is not true that said appellants did file a supersedeas
bond in the sum of $8,000, conditioned as required by

the said order of the Honorable W. A. Hocker, Judge of said Circuit Court; but, on the contrary, the said bond so filed by said appellants was not so conditioned, as will be shown hereafter in this respondent's answer; that the only demand which has ever been made upon him for re-delivery of the said property and assets was made by one G. W. Hyde as president of the Florida National Building and Loan Association; that respondent received the said assets and property and every part thereof from the Continental National Building and Loan Association at the time of respondent's appointment and qualification as such receiver, and thereupon executed to the latter association a receipt for said assets and property, wherefore respondent says that the said Florida National Building and Loan Association could not lawfully or properly demand, nor could this respondent lawfully or safely deliver to it, the assets and property; that by the terms of the order made by the Circuit Judge July 31st, 1897, sixty days were allowed for share-holders or creditors other than original complainants to join in said suit and become parties thereto; that within said sixty days about one hundred persons, who were such shareholders or creditors of the defendant companies other than said original complainants, were admitted as parties and became complainants in said cause long prior to the entry of the appeal herein. The answer here refers to a paper attached thereto as an exhibit containing a list of numerous names of parties to which is appended a certificate of the clerk of the Circuit Court stating that they joined as parties to said suit at the various dates set opposite their names. The answer further alleges that the said appellants were required by the said supersedeas order dated November 17th, 1897, to file a bond payable to the appellees in said cause and con-

ditioned to well and truly perform said interlocutory de-
cree and pay all costs and damages that may be awarded
said appellees if the said decree be affirmed in whole or
in part, or the appeal be dismissed; that this order has
not been obeyed by said appellants, in that the said
supposed supersedeas bond is made payable to the fol-
lowing persons who are therein specifically named, and
to none others of said appellees, and in that the said
bond is conditioned to perform said interlocutory decree
and to pay said costs and damages to the persons spe-
cifically designated therein and to none of the other ap-
pellees, *viz*: D. A. Miller, F. P. Gaffney, H. C. Groves,
Alex. McIntyre, Sarah Agnew, Drucilla Agnew and R.
T. Gardner; that respondent has been on several differ-
ent occasions notified by the counsel representing said
complainants that the said appeal bond was ineffectual
to operate as a supersedeas, and has been warned that
no supersedeas in fact existed by reason of appellants
non-compliance with the said order of the Circuit Court,
and that respondent would be held liable together with
his surety on his bond as receiver, if he made any deliv-
ery of said assets in the premises. Respondent further
alleges it to be true that counsel for said complainants
have long since called upon the appellants to furnish a
proper and legal bond, which said appellants have re-
fused to do. Placed in this attitude respondent has been
apprehensive lest he should commit error and incur
great loss and damages to himself and his sureties if he
should comply with the said demand, and decided to
await the court's order and instructions in the premises
before taking any action, and so informed the counsel
for appellants; that on the 16th day of December, 1897,
after receipt by respondent of said demand made by G.
W. Hyde as aforesaid, this respondent having no counsel
and no funds in his hands or any authority to employ

such, addressed a letter to the Hon. W. A. Hocker, Judge of the said Circuit Court, who was then at Gainesville, Florida, setting forth the fact that such demand and other matters relative to the case and asking for instructions in the premises; that on the 17th day of December, 1897, respondent receiver a reply from Judge Hocker containing the direction that respondent should not deliver any papers without the order of the court, the original of which letter is attached to the answer as an exhibit and is as follows:

"Gainesville, Fla., Decr. 17, 1897.
Mr. G. S. Scott,
    Dear Sir: Yrs. of 16th recd. Am in the midst of a homicide trial. Do not deliver any papers without the order of the court.            Yrs. truly,
                                W. A. Hocker."

That since receipt of the said letter respondent has acted in the belief that until some order should be made by the proper court directing and requiring him to make delivery of said assets and property, it was not lawful or proper that respondent should take any action in the premises, and respondent says that he has no knowledge of the making of any such order, if any such order has ever been made, and that his retention of the assets and property is, and has always been, in good faith and in accordance with what he has felt assured was the meaning of the said direction and instructon received from the Judge of the Circuit Court; that as set forth in said letter to the Circuit Judge, this respondent has actually expended a large amount of money in and about the performance of his duty as such receiver, which amounts to the sum of $263, and that respondent has likewise incurred expenses amounting to $25 additional which sum has not been paid for lack of funds, and that respondent should likewise be en-

titled to compensation for his services as such receiver, as his duties, in view of the nature of the case and the condition of the business of said companies have been exceptionally difficult and arduous; that the amount of cash received by respondent is less than $25, and the assets delivered to him consisted entirely of mortgages and deeds, together with the books of said associations; that respondent has been resting under the belief, which he hopes may prove well justified, that these outlays for expenses and respondent's compensation as the officer of the court, should be ordered to be paid before respondent shall be required to deliver up said assets, particularly as the said appellants delayed the entry of appeal until the accruing of said claims against the trust in the hands of this respondent; that in all that he has done in the premises he has acted in entire good faith towards all parties, and without any purpose or idea of violating the order of any court, or of committing contempt thereof, and that his actions throughout have been in accordance with the instructions and directions of the court as respondent understood the same.

The appellants, notwithstanding said answer, now moves that the said G. S. Scott be held in contempt for disobedience of the said supersedeas order, and the respondent moves for a discharge of the rule.

It is contended here by the respondent's counsel that, because the Circuit Judge granted the supersedeas order, this court is not the proper forum to deal, by way of contempt proceedings, with any violation of such supersedeas, but that the Circuit Judge can alone deal with such contempt. This contention is untenable. While our statute, subdivision 2 of section 1458, Revised Statutes, provides that in appeals to this court from interlocutory orders and decrees in chancery causes, the Circuit Judge, as well as a justice of this court, can order

430 SUPREME COURT, [41st Fla.

Continental N. B. & L. Ass. v. Scott, Receiver.—Opinion of Court.

the appeal to operate as a supersedeas of the decree appealed from, still this does not make the supersedeas, when set in motion by the order of the Circuit Judge any the less the process of this the supervisory court that, upon such appeal, is to review the decree appealed from. The statute simply authorizes the Circuit Judge by his order, to set the supersedeas in motion, and when this is done his power over the supersedeas becomes *functus officio.* He can not vacate or disturb it, but any application for its discharge or vacation must be addressed to this court, whose process it is, and likewise any breach or violation of it must be dealt with by this court.

The denial in the respondent's answer that the appellants had given the supersedeas bond in the sum of $8,000, conditioned as required by the supersedeas order, in that it was not made payable to numerous persons alleged in the respondent's answer to have been parties complainant to the bill subsequently to the making of the interlocutory decree appealed from and prior to the taking of the appeal, is without merit. The certified record before this court in the cause shows no such alleged addition of new parties complainant in the court below, but does show that the appellants filed a supersedeas bond in the amount and upon the conditions as ordered, and payable to all the parties to the decree appealed from. As to the parties to the appeal this court must be governed by what is disclosed in the certified record. As to the warnings and advice of counsel against obeying the order of supersedeas, it is well settled that it is no answer to a proceeding as for a contempt for the breach of an injunction or supersedeas order that the breach was committed under the advice of counsel. Hawley v. Bennett, 4 Paige, 162; Cape May and Schellenger's Landing R. R. Co. v. Johnson, 35 N.

J. Eq. 422; Capet v. Parker, 3 Sandf. 662; Smith v.
Cook, 39 Ga. 191; Matthews v. Spangenberg, 15 Fed.
Rep. 813; State *ex rel.* Mason v. Harper's Ferry Bridge
Co., 16 W. Va. 864.

That phase of the answer that sets up the instruct-
ion by letter from the Circuit Judge to the respondent
not to deliver the property can not excuse him. The
appeal removed the case to this court. The power of
the Circuit Judge was suspended by the supersedeas, and
after it was perfeced the Circuit Judge had no power to
make any further order relative to the property in the
receiver's hands, until after this court had acted in the
premises. State v. Johnson, 13 Fla. 33.

The respondent in his answer suggests that he
should be paid certain amounts alleged to have been
disbursed by him as receiver, and paid for his services as
receiver, before being required to re-deliver the proper-
ty in his hands. As was held in the case of State v.
Johnson, *supra,* the supersedeas does not have the effect
of *discharging* the receiver, but simply suspends his au-
thority to act as such pending the supersedeas. All ques-
tions of the receiver's compensation are properly adjust-
able in the Circuit Court, after this court shall have
passed upon the appeal taken from the order appoint-
ing him, and have no place in a proceeding like this for
contempt.

While there is nothing set up in the answer of the
respondent that excuses or releases him from obeying
the supersedeas perfected in the case, by delivering up to
the party or parties from whom he obtained it all the
properties of every kind that came to his hands as re-
ceiver under the superseded decree appealed from, yet
we must hold that the particular contempt alleged
against him in this proceeding can not be sustained.
The record in the cause shows that the properties over

which the respondent was appointed receiver, though
designated in the decree appealed from as the property
of "The Florida National Building and Loan Associ-
ation,". had been purchased from the latter  company
by "The Continental National  Building and Loan As-
sociation"  prior to the filing  of the bill, and, at  the
time of the rendition of the decree appealed from, was
in the possession of and  claimed  by  the  Continental
National Building and Loan Association.   The decree
appealed from adjudged this transfer from the former
to the latter company to be void, and  appointed  the
respondent as receiver of the properties that were the
subject of such transfer.   The supersedeas, however, sus-
pended this decree, and left the parties and the prop-
erties involved, pending the appeal, occupying the
*status quo* in which they were found at the rendition of
the superseded decree.   The answer of the respondent
also shows that the properties in his hands came to him
from the possession of "The Continental National Build-
ing and Loan Association."  Under these circumstances,
upon the perfection of the supersedeas, it became the
duty of the respondent as receiver promptly to restore
the properties in his hands as such to The Continental
National Building and Loan Association, and not to
"The Florida National Building and Loan Association."
The particular violation of the supersedeas order alleged
against the respondent in this proceeding is that he has
failed and refused to deliver up to G. W. Hyde as presi-
dent of "The Florida National Building and Loan Asso-
ciation" the properties that have come to his hands as
such receiver.   And the demand made upon him for re-
delivery thereof was by the said Hyde as president of the
last named company *for the use of such company.* As be-
fore seen, the duty of the receiver, upon the supersedeas
of the decree appointing him, was to restore the prop-

erties to the Continental National Building and Loan Association, and not to "The Florida National Building and Loan Association," and it was no violation of the supersedeas for him to refuse to deliver it to the president of the last named company for the use of that company. Had the charge against the receiver been that he had violated the supersedeas by refusing to deliver the properties to "The Continental National Building and Loan Association," from whose custody he had received them, we would have been forced to have held him to be in contempt, but there is no violation of such supersedeas in his refusal to deliver to "The Florida National Building and Loan Association," which is the particular charge made in this proceeding. The rule is, therefore discharged, but without prejudice to the right of the appellants to proceed against the respondent as for a contempt in the event of his continued failure and refusal to deliver all the properties that have come to his hands as such receiver to the proper officers of The Continental National Building and Loan Association.