ELIZA SIMMONS ET AL., APPELLANTS, vs. L. W. SPRATT, APPELLEE.

The defendant in an action of ejectment may appeal from the final judgment therein.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*A. W. Cockrell & Son* for the motion.

*Geo. Wheaton Deans, Contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The appellee brought an action of ejectment against ap-

pellant and recovered judgment for possession and for five hundred dollars damages on account of mesne profits. The verdict and judgment find that the appellee is entitled to an estate in fee in the land recovered. The appellant has given bond in the penalty of six hundred dollars, with sureties, and conditioned that "if she shall well and truly pay all costs, and the amount for which judgment was given and damages" in case the judgment of the Circuit Court shall be confirmed by the Supreme Court, then the obligation shall be void, but otherwise to remain in full force and effect. The bond is approved by the clerk.

The appellee moves to dismiss the appeal on the ground that under the statutes of this State an unsuccessful defendant in an action of ejectment has not the right or privilege of appealing from the judgment rendered against him.

The act of February 10, 1832, entitled "an act regulating the mode of suing out writs of error and prosecuting appeals * * *," with a substitution of names of courts necessitated by the change from a Territorial to a State government, provides as follows: Section 1: "If a party in either of the Circuit Courts of this State shall feel aggrieved by a final judgment, sentence or decree made or pronounced by any or either of said courts, it shall and may be lawful for such party * * * to obtain his, her or their appeal to the Supreme Court of this State, and an appeal obtained shall in all cases operate as a *supersedeas ;*" and by Section 2: " The party appealing, if plaintiff, shall give bond with one or more securities in a sum sufficient to cover all the costs which have accrued, or may accrue ; and if *defendant,* a bond with one or more securities *in a sum sufficient to cover the amount for which judgment has been given,* decree rendered, or sentence pronounced, together with costs, conditioned that the appellant shall pay the costs, if plaintiff, or if defendant, the *debt, damages,* or *condemnation,*

and *costs*, in case the judgment, sentence, or decree of the Circuit Court shall be confirmed by the said Supreme Court."

It is unnecessary to notice the changes made by the act of Feb. 12, 1836, as to appeals by original plaintiffs.

In support of the motion it is argued that the statute does not apply to other than money judgments as shown by the language " to cover the amount for which the judgment has been given " and " conditioned that the appellant shall pay * * * if defendant, the debt, damages or condemnation ;" that a judgment in ejectment is for the recovery of land and that the language of the statute as to the amount and condition of the bond does not cover it, and moreover that the condition of the bond does not cover any damage which the plaintiff may sustain on account of mesne profits by the defendant's retention of the property pending the appeal.

It is the first section that in our opinion prescribes the cases in which an appeal will lie. It gives it from any final judgment, excepting none ; and provides that an appeal obtained shall in all cases operate as a supersedeas. The purpose of the second section was to prescribe an essential to an appeal from any final judgment at law, this essential being a bond with sureties. This bond in common law cases, it will be observed, is not required merely as a condition precedent to the appeal operating as a supersedeas, but as an essential to the appeal. Unless it is given in accordance with the statute the case remains in the lower court, and until such bond has been so given the appellate court acquires no jurisdiction of the cause, though everything else required by the statute may have been done. This appeal in a common law action is a statutory creation, and it was within the power of the Legislature either to omit the requirement of any bond, or to specify what the the condition should be. It has given an appeal from any

final judgment, and required that a bond with a certain condition shall be given as an element in the appeal, and declared that an appeal thus obtained shall operate as a supersedeas in all cases. If it be that there is some damage which, pending the appeal, may result to the appellee, who was plaintiff in an action of ejectment, and which the condition of the bond does not cover, and for which consequently the sureties would not be answerable, the result is that the right of appeal has still been granted on such conditions as the Legislature saw fit to prescribe, and it is a legislative function to change the condition, if it shall see fit to do so.

If it be that the provisions of the second section as to the bond to be given by the defendant are such that the condition of the bond will not cover mesne profits accruing after the rendition of the judgment appealed from, then the effect of such provisions is to control in fixing the amount of the penalty of the bond, but not to deny or limit the right of appeal.

Though it may have been the original purpose of the person who drafted this act that it should control appeals in all civil cases, and perhaps criminal causes too, as the terms " judgment," " decree " and " sentence " would indicate, yet it is a fact that at the same session, and on the day after its enactment, the Territorial Council passed an act which has been uniformly construed by the courts to give a right of appeal in chancery causes without the execution of any bond, a bond being required only to secure a supersedeas, and to such end alone the chancery act adopts the form of bond prescribed by the former act. The real question in the case of McGill vs. McGill, 19 Fla., 351, is as to what chancery decrees the condition of the bond, as prescribed by the original act in cases at law (to which class of civil cases only, that act regulated the right of appeal

after the passage of the chancery act) applies in so far as a supersedeas is concerned. McGill vs. McGill decides that it regulates the supersedeas only in cases of money decrees, and that further than this the original power of the chancery court as to superseding decrees is not affected. We do not think it was ever intended by the court in that case to assume the proposition that no appeal lies under the statute in behalf of defendants in actions for specific, real or personal, property.

It is not pretended that it has not been the practice for such defendant in ejectment to appeal. There are many cases in our reports where they have done so, but this is the first time, so far as we can learn, that their right of appeal has been questioned.

It may not be improper to remark here that that portion of section 3, on page 840 of McC.'s Digest, following the "(c)," has no application to writs of error, but applies only to appeals. The condition of a *supersedeas bond* to be given by a plaintiff in error who was originally defendant in the case is prescribed by section 7, of act Feb. 10, 1832, which is section 4, on page 447 of Thompson's Digest, and constitutes a part of section 1, on page 843 of McClellan's Digest. We do not mean to intimate that an original defendant cannot take a *writ of error* without obtaining a supersedeas of the judgment he desires to have reviewed.

The motion is denied.