McIver & Chamberlain, Plaintiffs in Error, vs. William G. Marshall, Defendant in Error.*

County Commissioners of Franklin County, Plaintiffs in Error, vs. State ex rel. Patton et al., Defendants in Error.†

The law as to the issuance of writs of error in civil and criminal causes, including cases of *habeas corpus*, and as to giving such writs the effect of a supersedeas, stated.

*Application for Writ of Error to the Circuit Court for Marion county.

†Application for Writ of Error to the Circuit Court for Franklin county.

Mr. Justice Raney delivered the opinion of the court:

In each of the above causes an application has been made

during the present term to a Justice of this court for an order allowing a writ of error. It is not necessary (nor is it proper practice) to have such an order to entitle either an original plaintiff, or a defendant, to a writ of error to a judgment of the Circuit Court in an ordinary civil action at law. A defendant in such an action is entitled to a writ of error as a matter of right, without even paying costs which have accrued up to the time of applying for the writ; but an original plaintiff in the Circuit Court must, to obtain such a writ, pay all costs which have accrued in and about the suit up to the time of applying for the writ, and must also enter into bond, with one or more sureties, in a sum sufficient to cover all the costs which may accrue in the prosecution of the writ, conditioned to pay the same if the judgment shall be affirmed. Secs. 4 and 5, p. 447, Thomp. Dig. Such writs are issued by the Clerk of this court, or by the Clerk of the Circuit Court, in which the judgment has been rendered. Sec. 4, *ibid.*

When, however, it is desired to have a writ of error in a civil action operate as a supersedeas to the judgment which it is sought to have reviewed, an order to be made in the manner provided by the statute, and bond with surety, are requisite to give the writ this effect, but not to simply obtain the writ. *Ibid.*

As to the condition of supersedeas bonds see last paragraph of the opinion in Simmons vs. Spratt, 22 Fla., 370, 374.

In criminal cases writs of error do not issue without a judicial order allowing them. State vs. Newman, 24 Fla., 33; s. c. 3 So. Reptr., 467; McC.'s Dig., sec. 4, p. 455, and sec. 11, pp. 456-7. This is also true of writs of error in habeas corpus cases, yet the practice in proceedings on error in such cases is regulated by the habeas corpus act, and not by the general statute governing writs of error in criminal

cases. Sec. 12, p. 565, McC.'s Digest; Tyler vs. Painter, 16 Fla., 144.