ANDREW SCOTT, APPELLANT, VS. MILTON & BLACKSHEAR
ET AL., APPELLEES.

Where an appeal is taken by a Sheriff under the act of February
17, 1833, Sections 8 and 9, p. 841 McClellan's Digest, from an
order directing him to pay over money to a plaintiff in execu-
tion, and the penalty of the appeal bond is less than the
amount of the sum and costs ordered to be paid, the appeal
will be dismissed on the ground of the insufficiency of the
bond.

Appeal from the Circuit Court for Jackson County.

The facts of the case are stated in the opinion.

*D. L. McKinnon* for Appellant.

*Liddon & Carter* for Appellees.

RANEY, C. J.:   Appellees have moved to dismiss the ap-
peal on the ground that the appeal bond is insufficient in
amount, and not in accordance with the law regulating ap-
peals.

The facts are in substance that the appellees moved in
the Circuit Court for a rule against appellant, as Sheriff of
Jackson County, to compel him to pay over to them seventy-
five dollars and nineteen cents, their pro rata share of the pro-
ceeds of personal property levied upon under certain writs
of attachment and sold by him under an order of Court.
The Sheriff answered setting up the prior rights of other
claimants to the said sum so held by him, and the cause
coming on to be heard, the Court rendered judgment to the
effect that he pay over to the appellees pro rata the sum
stated, to be credited upon their executions, and that ap-
pellees recover of him the cost of the proceeding, taxed at
six dollars and thirty-one cents, to be levied of his goods
and chattels, lands and tenements, and that execution issue
for the same.

From this judgment an appeal was entered, the bond given being in the penalty of seventy-five dollars and nineteen cents, and conditioned for the payment to the appellees of said "judgment or order and costs," in case the same should be confirmed by this Court.

The second and fourth sections of the act of February 17, 1833, entitled "An Act regulating appeals in certain cases not heretofore provided by law," Sections 8 and 9, p. 841 McClellan's Digest, and Sections 8 and 9, p. 448 Thompson's Digest, provide (section 2) that in all cases in which a rule of Court or other summary order to any of the officers of Court or their securities or deputies, is in effect a judgment for the payment of money or other thing, the party aggrieved may prosecute his or her appeal in the following manner * * * appeals and writs of error shall lie to the Supreme Court from the Circuit Court as in other cases; and (section 4) "in such cases in which such order shall be made in future the parties may proceed as aforesaid to prosecute their said appeals, writs of error or certiorari, upon giving bond as aforesaid, and taking their appeal within ten days (thirty by virtue of Chapter 3008, act of February 27, 1877, section 2, p. 840 McClellan's Digest) after the adjournment of the Court, and their writs of error and certiorari as in other cases provided by law."

The third section of the same act was as follows : That in all such cases as those described in the second section of this act, heretofore decided, in which the order of the Court has not been fully enforced, the writ of error or certiorari may be taken within six months after the passage of this act, the party serving out such writ of error or prosecuting such appeal giving bond and security to perform the judgment of the Court to which the appeal is taken, or in which the writ of error or certiorari is prosecuted.   Duval's Compilation, 111.

This section is not to be found in Thompson's or Mc-Clellan's Digest of the statutes, and its absence is explained in a note on page 448 of the former work, by the statement that it was "temporary, and has expired."

The statute of February 10, 1832, regulating appeals in common law actions, is to be found on page 446 of Thompson's, and page 840 of McClellan's Digest, in the same chapter with the above second and fourth sections, and requires that the party appealing, if defendant, shall give bond "in a sum sufficient to cover the amount for which judgment has been given, * * together with costs;" and conditioned that the appellant, if defendant, shall pay the debt, damages or condemnation and costs, in case the judgment of the Circuit Court shall be affirmed by the Supreme Court. Montgomery vs. Knox, 22 Fla., 575.

It is apparent that the penalty of the appeal bond is not sufficient to cover the sum for which judgment has been given, together with the costs, as required by the provision of the act of 1832, as to the amount of an appeal bond, which provision counsel for appellee contends controls in the case.

It is evident from the title of the act of 1833 that it was passed to cover cases which were understood not to be within the act of 1832; and it is also clear that the case before us is within the act of 1833, and being so, the question is, what amount of bond does the last named act require to be given? The view of counsel for appellee is that the amount is controlled by the act of 1832, meaning, we understand, that the other act in effect adopts that provision of it. This was doubtless the view of Judge Thompson and the committee of examiners of his work, which was published in 1847, and includes the laws passed and in effect up to and inclusive of January 6th of that year, for,

reading the second and fourth sections as they appear in that digest, as well as in Judge McClellan's, published in the year 1881, and including the laws of that and prior years, then in force, no other construction is natural or reasonable; and, as shown above, it is expressly stated in the former work that the third section of the act of 1832 was temporary and had expired, which indicates their view to have been that this section was never meant to regulate in any manner the bond to be given "in future" cases under the fourth section, and that the words "upon giving bond as aforesaid," in the fourth section, did not refer to it.

That this has been the view of the profession, and the practice since the publication of Thompson's Digest, to say nothing of the evidence it gives as to former years, we do not doubt; and though we think there is room for seriously questioning the proposition that the third section did not stand as the permanent definition or explanation of the words "upon giving bond as aforesaid," of the fourth section, though only temporary in so far as cases previously "decided * * and not fully enforced," were concerned, yet our opinion is, that even upon this view, the act of 1833, considered independently of the former act, required a bond sufficient to cover the amount of the order and costs. In a case like this, no smaller bond would be sufficient to secure a performance of the judgment of this Court, if it affirmed the order appealed from.

It is apparent upon the face of the act of 1833, as it is, and has been decided, of the other act (Simmons vs. Spratt, 22 Fla., 370, 372), that there is no appeal under it without giving a bond; or, in other words, the bond was not required to make an appeal, otherwise given, operate as a supersedeas. A full answer to the argument that the Legislature did not intend to make an officer already

bonded give so large a bond, is that the second section expresses the understanding of the Legislature that it was dealing with such officers, and yet the statute made the requirement of a bond indicated above. In making this requirement it shows that it did not intend that the official bond should operate either in whole or in part as an appeal bond in such cases. The presence of these requirements is also a satisfactory response to anything that may be said as to the officer's acting in his official capacity, or not being personally interested. Although the officer may hold the money as such, he is deeply interested in paying it to no one but him who is rightly entitled to it; and the statute has required, whether it be construed to adopt the act of 1832 or not, that there shall be a bond sufficient in amount to cover the entire recovery, both judgment and costs, which the officer may seek to question and stay the enforcement of by an appeal.

Without meaning to disturb a long settled practice, our opinion is that under either view to be taken of the act of 1833, the bond is insufficient in amount, and that the appeal should be dismissed, and it will be so ordered.