FLORIDA ORANGE HEDGE FENCE COMPANY, PLAINTIFF IN ERROR, VS. A. G. BRANHAM & CO., DEFENDANTS IN ERROR.

1. No bond is required for obtaining a writ of error in behalf of a defendant in a civil action at law.

2. Where a writ of error has been obtained by all the defendants in a civil action at law, and a supersedeas granted, the supersedeas bond being executed by some of the plaintiffs in error as principals and by two sureties, and in effect, conditioned that the plaintiffs in error shall duly prosecute the suit in error, and in case of affirmance, well and truly pay to the defendants in error their condemnation and costs, the supersedeas will not be vacated on the ground that some of the plaintiffs in error have not joined in executing the bond. The defect is one of mere form, doing the defendants in error no harm.

Writ of Error to the Circuit Court for Orange county.

Motion to dismiss Writ of Error and vacate supersedeas.

The facts of the case are stated in the opinion of the court.

*W. H. Jewell* for Motion.

*Beggs* and *Palmer, contra.*

RANEY, C. J.:

Grinsfield Taylor and others, partners doing business as the Florida Orange Hedge Fence Company, who were defendants in the Circuit Court, obtained a writ of error to a judgment recovered against them by A. G. Branham and E. A. Pearce, partners doing business as A. G. Branham & Co., and an order was made that the writ, which was returnable to the present term of this court, should operate as a supersedeas upon the plaintiffs in error filing a bond with one or more sufficient sureties, as required by law.

A motion is now made by defendants in error to dismiss the writ of error, and vacate the supersedeas, on the ground that the bond filed by plaintiffs in error and approved by the clerk of the Circuit Court of Orange county does not conform to the requirements of the statute.

The statute, sec. 1, p. 843, McClellan's Digest, provides that no writ of error shall operate as a supersedeas unless such an order is made, "and upon the plaintiff in error, by himself, or a responsible person in his behalf, entering in the clerk's office of either the Supreme or Circuit Court into a bond" in the sum required, "with one or more sufficient securities, to be

approved of by the judge or clerk of said court, conditioned for the due prosecution of the suit in error, and in case of the affirmance of the judgment, to pay the defendant in error his condemnation and costs."

As to so much of the motion as asks a dismissal of the writ of error, we need only observe that it is settled in this State, that no bond is necessary to a writ of error in behalf of a defendant in the lower court. McIver & Chamberlain vs. Marshall, 24 Fla., 42 ; 4 So. Rep., 563.

The only purpose of the bond in this case is to make the writ operate as a supersedeas to the judgment, and it is objected to as insufficient because only two of the plaintiffs in error have executed it. Two of them, Grinsfield Taylor and Charles E. Lartique, have done so, with two sureties. The bond, in so far as it need be stated, reads : " Know all men by these presents, that we, Grinsfield Taylor and Charles E. Lartique, for and in behalf of " the plaintiffs in error, naming all of them, and giving their partnership style, "as principals, and C. A. Boone and J. H. Smith, as sureties, are held and firmly bound " unto the plaintiffs below, naming them, and it, after proper recitals, is conditioned that if *the plaintiffs in error* shall duly prosecute the suit in error, and in case of the affirmance of the said judgment, shall well and truly pay to defendants in error, * * * then the obligation shall be null and void, else to remain in full force and virtue.

In Keene vs. Deardon, 8 East, 298, the statute then under consideration, 16 and 17 Car. 2, C. 8, S. 3, enacted that in writs of error brought upon any judgment in ejectment, no execution should be stayed "unless the *plaintiff* or *plaintiffs* in such writ of error shall be bound unto the plaintiff in such action in such reasonable sum as the court to which such writ of error shall be directed shall think fit" conditioned, &c., and it was objected that the plaintiffs in error had not joined, and were not present in court prepared to join in the recognizance, but only two sureties, and that this did not satisfy the statute which required the plaintiffs themselves to enter into the obligation, but it was held by the court that though the words of the statute seemed to require a recognizance by the plaintiff, yet a reasonable construction must be put upon them, and as an infant plaintiff could not enter into such recognizance, nor a plaintiff who had become a *feme covert* after the action brought, and as the Legislature could not have meant to exclude infants and *femes covert* from the benefit of the act, they must put such a construction upon it as would apply to all plaintiffs in error ; and that in reason and substance the act would be satisfied by plaintiffs in error procuring responsible persons to enter into the obligation required.   Likewise in Dixon vs. Dixon, 2 Bos. & Pull., 443, where the statute, 3 Jac., 1, C. 8, provided that execution should not be stayed upon writ of error,

"unless such person or persons in whose names such writ of error shall be brought, with two sufficient sureties such as the court shall allow of shall first, before such stay made, be bound unto the party for whom any such judgment shall be given, by recognizance in double the sum," &c., it was held that a recognizance entered into by sureties, without the plaintiff in error, or principal, was good, the decision being founded upon long prevailing practice, and the view that the court might, without doing much violence to the statute, construe the words *with sureties*, to mean *by sureties*. In Kentucky it is held that it is not necessary for the party taking an appeal to execute the bond himself, that he is no further bound by the bond than without it. Anonymous, Hardin's Reports, 149; Harrison vs. Bank of Kentucky, 3 J. J. Marshall, 375; and in Texas and Indiana, Shelton vs. Wade, 4 Texas, 148; Lindsay vs. Price, 33 Texas, 280; Thom vs. Savage, 1 Blackf., 51.

The language of our statute *supra* seems to contemplate that either the plaintiff in error, or some one else shall execute the bond as principal, as well as that there should be one or more sufficient sureties, but the purpose of the act is security for the defendant in error that the suit in error shall be prosecuted, and for his condemnation money and costs, in case the judgment shall be affirmed, and in our judgment the absence of some of the plaintiffs in error from this bond in no

wise impairs the security or injures the defendants in error. The security given by the bond is that the plaintiffs in error shall prosecute and pay ; and in case of affirmance each of them is bound by that judgment, and if they do not pay the condemnation and costs, the sureties are as much bound as if each plaintiff in error had executed the bond. The defect is one of mere form, and can do the defendants in error no harm. The motion is denied.