GEORGE W. WEBSTER, APPELLANT, VS. SIDNEY I. WAILES, APPELLEE.

APPELLATE PRACTICE—BOND IN APPEAL, BY WHOM EXECUTED WHEN DEFENDANT APPEALS.

Under the provisions of section 3, page 840, McClellan's Digest, where the *defendant* took an appeal from a money judgment at law against him, and for the purpose of said appeal filed a bond, with one or more sureties, in the amount, and conditioned as that statute provided, it was a sufficient compliance with the statute to effectuate an appeal, whether the *defendant himself* did or did not execute such bond. And where such a bond was so informally executed by the principal therein or defendant in the judgment appealed from as that such *principal* was not bound *by said bond. Held,* that, notwithstanding this, the sureties on said bond were bound thereby as upon a valid statutory appeal bond. *Savannah, Florida & Western Ry. Co. vs. Clark,* 28 *Fla.* 308, 2 *South. Rep.* 667, *overruled,*

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Walker & L'Engle*, for Appellant.

*Bisbee & Reinhart*, for Appellee.

TAYLOR, J.:

George W. Webster, the appellant, recovered judgment in the Circuit Court of Duval county in 1885 for $9,000 against the Florida Railway and Navigation Company, a corporation, in an action for personal injuries received while riding on the company's train. The railway company took an appeal to this court; and this court, at its January term, 1889, after passing fully upon the questions presented by the record on appeal, affirmed the judgment appealed from, upon the condition that the appellee therein should enter a *remittitur* for $3,500, the judgment being held to be excessive to that extent. Florida Railway and Navigation Co. vs. Webster, 25 Fla. 394, 5 South. 714. In order to bring that case to this court upon appeal, the defendant railway company, in open court, during the term at which the judgment was rendered, filed with, and had approved by, the clerk of the Circuit Court, the following appeal bond, to-wit:

STATE OF FLORIDA, } ss.
COUNTY OF DUVAL. }

Know all men by these presents: That we, the Florida Railway and Navigation Company, a corporation created, existing and being under and by virtue of the laws of the State of Florida, and B. S. Henning and S. I. Wailes are held and firmly bound unto George W. Webster in the sum of twelve thousand dollars ($12,-000), for the payment whereof well and truly to be

made we hereby bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Signed and sealed this 10th day of March, A. D. 1885. The condition of this obligation is such, that whereas, the said George W. Webster did on the 6th day of March, A. D. 1885, in the Circuit Court of Duval county, Florida, at the called term thereof, in a certain suit therein pending, wherein the said George W. Webster was plaintiff, and the said The Florida Railway and Navigation Company was defendant, obtain judgment against the said The Florida Railway and Navigation Company for nine thousand dollars ($9,000); and whereas, the said The Florida Railway and Navigation Company has applied for and entered its appeal from said judgment to the Supreme Court of the State of Florida, to be held at the city of Tallahassee on the 9th day of June, A. D. 1885; now, if the said The Florida Railway and Navigation Company shall well and truly pay or cause to be paid to the said George W. Webster the debt, damages or condemnation and costs, in case said judgment shall be confirmed by the said Supreme Court, then this obligation to be void, else to remain in full force and virtue.

Executed in the presence of

   C. D. WILLARD,
   JOHN E. HARTRIDGE.

FLORIDA RAILWAY AND NAVIGATION Co., (Seal.)
   By B. S. HENNING, Prest. (Seal.)
   B. S. HENNING, (Seal.)
   S. I. WAILES, (Seal.)

Taken before and approved by me this eleventh day of March, A. D. 1885.

     T. E. BUCKMAN,
 Clerk of the Circuit Court of Duval county, Fla.

Endorsed—Appeal Bond.   Filed in open court this 11th day of March, A. D. 1885.

T. E. BUCKMAN,
Clerk Circuit Court, etc.

In June, 1889, after the affirmance of the judgment appealed from, George W. Webster, the appellant, instituted his suit upon said appeal bond in the Circuit Court of Duval county, against Sidney I. Wailes, the appellee herein, one of the sureties upon said bond, alone; the declaration, as originally filed, declaring upon it, in the usual form, as a statutory joint and several bond in appeal, and alleging that it had been executed by the corporation, The Florida Railway and Navigation Company, and the defendant Wailes as surety, and filed in the clerk's office from which said appeal was taken.   To the declaration as originally filed the plaintiff attached a copy of said bond as an exhibit of his cause of action.   To the original declaration the defendant Wailes demurred upon the ground that the declaration did not state facts sufficient to constitute a cause of action.   That it appeared from said declaration and the alleged bond attached thereto as part thereof that the said bond was invalid and void.   The defect in the bond set up by this demurrer was that it purported to be the bond of the corporation, The Florida Railway and Navigation Company, but that it was *not sealed with the corporate seal* of said company, but with a private seal or scroll only. Upon the filing of this demurrer the plaintiff admitted same, and filed an amended declaration, wherein it is sought to recover upon said bond as a common-law obligation, and wherein it is alleged that B. S. Henning who signed said bond as the president of said company on behalf thereof was such president, and had full authority to bind said corporation thereby, and that he

was authorized for said company to take said appeal
from said judgment, and that by reason of the
execution of said bond the said judgment was
superseded, and all remedies upon said judgment
on behalf of said Webster were suspended until
such time thereafter as the Supreme Court of said
State should pass upon the question as to whether
the said judgment appealed from should or
should not be confirmed, and that said Webster
could not enforce said judgment or undertake so to do
until after the decision of the Supreme Court, which
was not rendered till March 4th, 1889, by the consider-
ation of which said Supreme Court the said judgment
was affirmed to the extent of $5,500, of which the said
corporation was convicted, and that no part thereof
had been paid, etc. To the declaration as amended
the defendant again interposed a demurrer upon the
grounds: (1) That said declaration does not state facts
sufficient to constitute a cause of action; (2) because
the alleged obligation sued on is not a common law ob-
ligation obligatory upon defendant, and is void as to
him; (3) because the alleged obligation is a joint obli-
gation and defendant's co-obligors are not joined as
defendants; (4) the obligation sued on not being such
as the statute regulating appeals requires, the Supreme
Court never acquired jurisdiction of the case stated in
the amended declaration, and the alleged affirmation
of the judgment is a nullity. This demurrer was sus-
tained by the court, and final judgment rendered
thereon dismissing the cause at plaintiff's cost. From
this judgment this appeal is taken.

There can be no doubt that the appeal bond sued
upon in case is not the bond of the corporation, the
Florida Railway and Navigation Company, and that it
is not bound thereby, because of its lack of the cor-

porate seal of said coumpany. Tanner & Delaney Engine Co. vs. Hall & Mobley, 22 Fla. 391, and authorities there cited. This fact being conceded, the question is presented: is the defendant surety thereon bound thereby, either as a statutory bond, or as a common-law obligation, notwithstanding the fact that the principal named in the bond is not bound thereby. A proper determination of the question requires an interpretation of the intent, purpose and meaning of Sections 2 and 3, p. 840 McClellan's Digest, making provision for *appeals* in civil causes, that are as follows: "Sec. 2. If a party in either of the Circuit Courts of this State shall feel aggrieved by a final judgment, sentence or decree, made or pronounced by any or either of said courts, it shall and may be lawful for such party, during the session of the court at which said judgment, sentence or decree is rendered or pronounced, or within thirty days thereafter, to obtain in court, if the appeal be made in term time, or in the clerk's office, if it be in vacation, his, her, or their appeal to the Supreme Court of this State; and an appeal obtained, shall, in all cases, operate as a supersedeas." "Sec. 3. No appeal or writ of error shall hereafter be granted to the original plaintiff in any suit, unless said plaintiff shall first pay all costs which may have accrued in and about said suit, up to the time when said appeal or writ of error is prayed; and also enter into bond with one or more securities, in a sum sufficient to cover all the costs which may accrue in the prosecution of said appeal or writ of error, conditioned to pay the same, if the judgment, sentence or decree of the court shall be affirmed; and if defendant, a bond shall be given with one or more securities in a sum sufficient to cover the amount for which judgment has been given, decree rendered, or sentence pro-

nounced, together with costs, conditioned that the appellant shall pay the debt, damages or condemnation,. and costs, in case the judgment, sentence, or decree of the Circuit Court shall be confirmed by the said Supreme Court." In the case of Hall vs. Penny, 13 Fla. 594, that was a motion to dismiss an appeal taken by the *original plaintiff* in the court below, this court, citing Union Bank vs. McBride, 2 Fla., held that an *appeal* under this statute was not "*obtained*" until all the requirements of this statute were complied with, and that the giving and approving of a bond was one of the prerequisites of the statute. In that case the appeal was dismissed because the plaintiff appellant had taken his appeal in term time but had failed to give the requisite bond until some twenty-six days after the close of the term, when the statute required the bond to be given in term time whenever the appeal was applied for in term time. The question as to whom the bond should be given by in cases where the *defendant* in the court below became the *appellant* was not involved, and consequently was not decided, though there is in the decision a *dictum* to the effect that the party appealing under the statute shall give bond. The cases of Union Bank vs. McBride, 2 Fla. 7, and Gordon vs. Camp, Ibid, 23, were both motions to dismiss where the appeal or writ of error was taken by the original *plaintiff* in the court below; and the dismissals of the appeals resulting in both cases was from a failure to give the bond required by the statute, and, in the first case, also because of a failure to pay the accrued costs. In neither of these cases did the question arise as to who was required to give the bond in a case where the *defendant* in the court below was the appellant. The only case passed upon by this

court where the question was directly presented as to whether it was necessary for the *appellant himself* to give the bond where he was the defendant in the court below, is the case of Savannah, Florida & Western Ry. Co. vs. Clark, 23 Fla. 308, 2 South. 667. In that case the defendant appellant was a corporation, and the appeal bond was signed for it by one Hardaway, "as agent." Whether the bond was sealed with the corporate seal or not, is not stated; neither is it stated whether the bond had sureties. The motion there involved was to dismiss the appeal on the ground that the bond therein was not executed as required by law. The appeal was dismissed with the curtly expressed opinion by the court that "this is not the bond of the defendant, it is the bond of the agent. Our statute requires that the defendant shall give bond." We realize fully the importance of maintaining the stability and uniformity of the judicial interpretation of our laws, and therefore regret to find ourselves under the necessity of disagreeing with and overruling this utterance of the court, that resulted, we think, from a hasty consideration of the question in a case that involved at the time no more important results than the mere dismissal of an appeal. In the subsequent case before this court of Florida Orange Hedge Fence Co. vs. Branham & Co., 27 Fla. 526, 8 South. 841, decided at the January Term, 1891, the same question, practically, was involved, and was exhaustively considered. The motion there made was to dismiss a writ of error and to vacate a supersedeas on the ground that the bond filed was not executed in conformity to the requirements of the statute, in that some of the plaintiffs in error had not signed the same. The court, following several English and American decisions there held in effect that it was not necessary that the bond,

to be effectual, in such a case should be executed by the plaintiff in error himself so long as it complied with the statute as to the execution thereof by sureties. Section 3 of our statute above quoted in reference to *appeals*, itself, creates a decided difference between the bond it requires of the original *plaintiff* below when he becomes appellant, and the bond it prescribes for the *defendant* below when he appeals. The language of the statute is, that "no appeal or writ of error shall hereafter be granted to the *original plaintiff* in any suit, unless said *plaintiff* shall first pay all costs, * * and also enter into bond with one or more securities, sufficient to cover, and conditioned to pay, the costs which *may accrue* in the prosecution of said appeal." If the *defendant* in the court below appeals, the language of the statute as to him is: "and if defendant, a bond *shall be given* with one or more securities" in a sum sufficient to cover, and conditioned to pay, the amount for which judgment has been given, etc. When the *defendant* appeals there is no reason why *he himself* should be required to execute the bond. The *amount* that he has to pay is supposed to be *already adjudged against him* in the plaintiff's favor; his *obligation* to pay it has already passed through judicial investigation, and has become *an adjudged obligation.* If he desires to subject the plaintiff to further delay in reaping the fruits of his litigation, by appealing to a higher court he is required to furnish *other* and *further security than himself and his own responsibility*, for the *adjudged amount* against him. So far as *he individually* is concerned, a bond, conditioned for the payment *by him* of the amount already adjudged against him, can add nothing whatever to the *adjudicated obligation* he is already under to pay it. Consequently, where the

*defendant* appeals, the statute requires that a bond
shall be given with one or more sureties. We do not
think that it could have been the purpose of the stat-
ute to require the *defendant,* when obtaining an ap-
peal, to go through so useless a ceremony as to obligate·
himself *by bond* to pay an amount that he has been.
*already adjudged to pay* by a court of competent au-
thority. And we think that in such cases where the
*defendant* files a bond, with one or more sureties, in
the amount, and conditioned as this statute provides,.
it is a sufficient compliance with the statute, whether·
the defendant himself does or does not execute such·
bond. The obligation resting upon the sureties by
virtue of the condition of such a bond does not de-
pend upon tho non-payment by the defendant appel-
lant of the obligation created for him *in and by the*
*terms of the bond,* but depends upon his non-pay-
ment of the *adjudged obligation* already hanging over
him by virtue of the *judgment* from which he appeals.
We think, for aught that is shown in this record, that
the bond sued upon is a good *statutory bond* and that
the defendant surety sued is fully bound thereby. We·
think further that the plaintiff was premature in ad-·
mitting the demurrer to his original declaration in the
cause, but that, notwithstanding this, the declaration·
as amended was sufficient in its allegations to warrant
a recovery, and that, therefore, there was error in sus-
taining the defendant's demurrer thereto.

The judgment appealed from is reversed, with direc-
tions to overrule the defendant's demurrer to the plain-·
tiff's amended declaration.