WHEELER & WILSON MANUFACTURING COMPANY, PLAINTIFF IN ERROR, VS. E. E. JOHNS, DEFENDANT IN ERROR.

APPELLATE PRACTICE—WHEN BOND ON WRIT OF ERROR NECESSARY—SUPERSEDEAS BOND—WHEN JUDGE TO FIX CONDITIONS OF—CONDITIONS OF SUPERSEDEAS BOND IN REPLEVIN CASES.

1. The Revised Statutes have repealed the former existing provisions of law that required an *original plaintiff* to give bond to secure future costs before he could obtain a writ of error. All that is now necessary for an *original plaintiff* to procure such writ is to pay all costs that have accrued up to the time that he seeks such writ; unless he desires the writ to operate as a supersedeas, then, to give it that effect, he must give bond properly conditioned.

2. Where an *original plaintiff* brings writ of error and gives a bond to make such writ effective as a supersedeas, any defect or insufficiency in such bond can not operate to deprive him of his writ of error, and furnishes no ground for dismissal of such writ, but reaches only to its effectiveness as a supersedeas of the judgment from which it was taken.

3. Where the judgment to be superseded by writ of error is "in part other than a money judgment," the judge below should prescribe not only the *amount*, but the *conditions* of the bond to be given.

4. Because of the election given by sections 1724 and 1725 Revised Statutes to the defendant in a replevin suit, in whose favor judgment has been rendered, of suing out either a writ of possession for the specific property, or an execution against the defeated plaintiff and the sureties on his replevin bond for the adjudged value of the property and costs; and because of the continuance of such right of election during the pendency of the cause in the appellate court on writ of error, a bond given by the original plaintiff on writ of error from such a judgment, in order to effect a supersedeas thereof, should be conditioned in the alternative, so as to obligate the parties giving it either to deliver possession of the specific property, with damages for its detention and costs, or to pay the amount adjudged as its value, together with interest and costs, as the obligee in such bond may elect.

Writ of Error to the Circuit Court for Bradford county.

Motions to dismiss the writ of error and to vacate the supersedeas.

*J. L. Frazee*, for the motions.

*Thos. E. Bugg, contra.*

TAYLOR, J.:

The defendant in error moves to dismiss the writ of error and to vacate the supersedeas in this cause upon the ground that no sufficient bond for superseding the judgment has been given or filed by the plaintiff in error. In so far as the motion seeks a dismissal of the cause because of the insufficiency of the bond given to operate as a supersedeas, it must be denied. Prior to the adoption of the Revised Statutes the original plaintiff in the court below could not take writ of error without first paying all costs that had accrued up to the time of the issuance of the writ, and, besides, by giving a bond to secure the payment of all future costs that might accrue in the appellate court. McClellan's Digest, sec. 3, p. 840; McIver & Chamberlain vs. Marshall, 24 Fla. 42, 4 South. Rep. 563; Florida Orange Hedge Fence Co. vs. Branham & Co., 27 Fla. 526, 8 South. Rep. 841. But since the adoption of the Revised Statutes the provision obliging an original plaintiff to give bond to secure future costs before he could obtain a writ of error has been repealed, and all that is now necessary for an original plaintiff to procure such writ is to pay all costs that have accrued in the suit up to the time when he prays such writ, unless he desires the writ to operate as a supersedeas, then, in

order to have that effect, he must give bond properly conditioned. Sections 1270–1272 Rev. Stat.

The original plaintiff below takes the writ here, and there is no complaint that it has not paid the accrued costs in the case, therefore any defect or insufficiency in the bond given by it can not operate to deprive it of its writ of error, but reaches only to the effectiveness of such writ as a supersedeas of the judgment from which it was taken. The suit was replevin brought in 1894 by the plaintiff in error as plaintiff below. The property was seized not replevied by the defendant, but was delivered to the plaintiff below by the officer levying the writ. The trial resulted in a verdict for the defendant below, and judgment was entered in his favor against the plaintiff for possession of the property, and also against it and the two sureties on its replevin bond for the sum of $404.10, the adjudged value of the property, in accordance with section 1725 Revised Statutes.

Upon the overruling of the plaintiff's motion for new trial the court below made an order fixing the *amount* of the bond to be given on writ of error at $500, in order to have the judgment superseded by the writ, but did not therein prescribe the *conditions* of the bond. The court below should have prescribed not only the amount but the *conditions* of the bond, the judgment to be superseded being "in part other than a money judgment," as provided for in subdivision one of section 1272 Rev. Stat. The plaintiff in error by two sureties executed a bond in the sum of $500 as ordered, the condition of which is, that "if the said obligors shall well and truly perform the judgment of the said Circuit Court in the event of the affirmance of such judgment, and pay all costs that may accrue

in the prosecution of said writ of error, then this obligation to be void," etc.    If the conditions of this bond had been proper and sufficient fully to protect the defendant in error in all of his rights, it is necessary, and we do not now decide, whether the mere absence of a prior order from the Circuit Judge fixing and prescribing such conditions, would be any cause for overturning the bond.    But we do not think the conditions of this bond are sufficient.    By the provisions of sections 1724 and 1725 Rev. Stat. the defendant, upon the rendition of the judgment in his favor, acquired the choice of sueing out either a writ of possession for the recovery of the specific property, or an execution against the plaintiff and the sureties on its replevin bond for the adjudged value of the property and costs. The judgment having been superseded by writ of error before any exercise of this election of writs by the defendant, the defendant's right to such election still continues, but in abeyance, during the pendency of the cause in the appellate court, and, in the event of an affirmance here of the judgment below, he will then have the right to elect which ever of the two writs he pleases to enforce the judgment.    This being true, it follows that the bond given for the purpose of superseding such a judgment should 'be conditioned in the alternative, so as to obligate the parties giving it either to deliver possession of the specific property, with damages for its detention and costs, or to pay the amount adjudged as its value, together with interest and costs, as the obligee in the bond may elect.    The bond given in this case, though quite comprehensive in the language of its condition, does not obligate the parties giving it to the payment of any damage for the detention of the property pending the writ of error in

the event of an affirmance and an election on the part of the defendant in error to have a return of the property; neither does it obligate them to pay interest on the adjudged value of the property, in the event the defendant in error shall elect to demand such adjudged value, instead of the property itself. The motion to vacate the supersedeas is, therefore, well founded; but, in view of the fact that the court below omitted to prescribe the conditions of the bond, the plaintiff in error will be allowed thirty days from the filing of this opinion in which to file an amended bond with two good and sufficient sureties, to be approved by the Clerk of the Circuit Court, in the sum already prescribed by the Circuit Judge, and conditioned in conformity with this opinion; otherwise the motion of the defendant in error to vacate the supersedeas will be granted. Chapter 4232, Act approved June 3d, 1893.