518 SUPREME COURT.

H. C. G. Warner v. A. S. Watson, Trustee, et als.—Opinion of Court.

HELEN C. G. WARNER, APPELLANT, VS. ALEXANDER S. WATSON, AS TRUSTEE, ET ALS., APPELLEES.

1. A party to a decree has no right to a supersedeas of any feature of it that does not affect his interests, and where such a supersedeas has been granted, it will be vacated.

2. Where the supersedeas proceedings are irregular, the court may vacate the supersedeas as to the entire decree, without prejudice, however, to the appellant's right to apply for a supersedeas of such part of the decree as may affect his interests.

Appeal from the Circuit Court for Manatee county.

Motion to vacate supersedeas.

The facts of the case are stated in the opinion of the court.

*Lucius Finley* for the Motion.

*D. F. Hammond, Hammond* and *Jackson, contra.*

RANEY, C. J.:

James H. Viser and Alexander S. Watson filed a bill against George Booker, Jr., and Warburton S. Warner and his wife Helen C. G. Warner, in November, 1886, to foreclose a deed of trust made October 5th, 1885, by Booker to Watson to secure a promissory note of $1,000 principle, of the same date and bearing interest at the rate of two per cent. per month, made by Booker to Viser, the bill alleging the subse-

quent conveyance, on February 26th, 1886, of the mortgaged property to Mrs. Warner, and the execution by Warner and wife of a written obligation of the same date to Booker assuming the payment of the above indebtedness of Booker to Viser. Afterwards on January 19th, 1887, Watson and Viser filed another bill against Booker and his wife, and Warner and his wife, and one Horton and his wife, to foreclose another deed of trust dated December 24th, 1885, made by Booker and wife, to secure a promissory note of the same date, of $1,500 principal, with interest at two per cent. per month, made to Viser by Booker; this deed of trust covering the same property as the former deed, and also other property, and the bill alleging the above conveyance to Mrs. Warner, and that she and her husband, on the said 26th day of February, agreed to assume the payment of the indebtedness of Booker to Viser, secured by said trust deeds.

Among other pleadings in the record are an answer of Warner, and one of Mrs. Warner to the bill, and a cross bill of the latter, by her next friend, George C. Warner.

The causes were consolidated, and on July 4th, 1890, a decree was rendered, upon the pleadings and testimony, and master's report, that there was due to the complainant, Viser, $5,271, as principal and interest, and $857.60 costs, charges and expenses, including attorneys' fees, or an aggregate of $6,128.60, and

that the mortgaged premises be sold to satisfy the same, and that the defendants, Warner and wife, and Booker and wife, and all persons claiming under them or either of them, be forever barred and foreclosed of all equity of redemption and claim of, in and to the mortgaged premises. There is no personal decree against her for the money.

The premises decreed to be sold are as follows:

1. All the lot of land on which are situated the Hoosier Mills, in the village of Palma Sola, Florida, including the enclosed lot of land surrounding said Hoosier Saw Mill, in section 20, Township 24, S., R. 17 E., including said saw mill, fixtures, blacksmith shop, and water tank, together with all and singular the tenements thereon of every name, kind and description.

2. The dwelling house and premises known on the plan of survey by C. Campbell as Lot No. 2, in Block 14, said village of Palma Sola, and in the same section as the above described property.

3. 21.85 acres of land near Ellenton, in said county of Manatee, Florida, being the north half of the east half of the west half of the southeast quarter of section 18, township 34, S., R. 18 E.

There are two entries of appeals by Mrs. Warner to the present term of this court, one of which it was doubtless intended should be in one of the foreclosure suits and the cross bill or suit, and the other in the

other foreclosure suit and the cross bill, or suit; and these appeals having been entered, the Circuit Judge made, on July 8th, 1890, an order that one of the appeals should "operate as a supersedeas upon the filling of a good and sufficient bond in the sum of three hundred dollars, conditioned according to law, as in cases of appeals," and also an order that the other appeal should "upon the filling of a good and sufficient bond in the sum of three hundred dollars, conditioned to pay all costs and damages which the complainants may sustain by reason of said appeal," operate as a supersedeas.

Two appeal bonds have been filed under the above orders; such bonds being signed and sealed by George C. Warner, E. S. Warner, and E. B. Camp, and conditioned, "that whereas, the said Helen C. G. Warner, by her next friend, George C. Warner, has appealed from the final decrees rendered in the above entitled suits to the Supreme Court of the State of Florida, now if the said Helen C. G. Warner, by her next friend, George C. Warner, the appellant aforesaid, shall pay the debt, damages or condemnation and costs in case the decrees of the Circuit Court shall be confirmed by the said Supreme Court, then this obligation to be void, else to remain in full force and virtue."

It does not appear that either of these bonds has ever been approved.

Motion is now made by the complainant's below, appellees here, on several grounds, to vacate the su-

persedeas, but there is apparent upon the proceedings an objection to the orders of supersedeas, which we think should be noticed, and which will dispose of the motion. Mrs. Warner does not in any of her pleadings assert any interest in or claim to any of the property affected by the decree, except the Hoosier mill property, or the first of the three parcels described above as decreed to be sold. This being so, it was entirely erroneous to supersede the decree as an entirety, or as to property in which she claims no interest. A party to a suit has no right, and should not be heard, to ask the arrest of the enforcement of a decree as to any feature of it which does not affect his interests. He cannot, on appeal, call in question those parts of a decree which do not affect his interests. Cuyler vs. Moreland, 6 Paige, 273; Hone vs. Van Schaick, 7 Paige, 228; Card vs. Bird, 10 Paige, 426; Reid vs. Venderheyden, 5 Cowen, 719; 2 Daniell's Chancery Pl. & Pr., 1461, note 2 (Cooper's ed.). No one but Mrs. Warner has appealed from this decree, and she cannot complain as to matters affecting others, but not herself. The supersedeas orders should for the above reason be vacated, particularly in view of the peculiar state of the appeal proceedings, for without saying more, it is impossible to determine which of the original foreclosure causes either order of supersedeas was made in or intended to apply to. This will be done without prejudice to the right of Mrs. Warner to apply for a supersedeas to the decree in so far as it affects property claimed by her or her

interests, and upon such application a supersedeas can be awarded on such conditions and security as will afford complainants reasonable security for the damage they may sustain in consequence of their decree being so superseded.

It will be ordered accordingly.