DAVID F. MITCHELL, *et al.*, *Appellants*, v. HARRY MASON, *Appellee*.

Where an appeal is taken from a decree which is in whole or in part other than a money decree and the amount and condition of a supersedeas bond is not fixed by a Circuit Judge, and the bond is not duly executed, approved and filed, within thirty days after the decree is rendered and recorded, there is no supersedeas, in the absence of an order to that effect by the Supreme Court or a Justice thereof.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*D. C. Campbell,* for Appellants;

*Alex. St. Clair-Abrams,* for Appellee.

PER CURIAM.—This is an application for an order to annul the proceedings taken under a foreclosure decree alleged to have been had in violation of an alleged supersedeas order, and for a rule against those alleged to have violated the alleged supersedeas order.

It appears that a final decree in the foreclosure of a mortgage was rendered and recorded in the Circuit Court for Duval County on December 1st, 1911; that the property was, beginning with December 4th, 1911, advertised for sale; that from December 23rd, 1911, to 5 P. M. January 1st, 1912, the judge was not at his office or his home and his whereabouts could not be ascertained as he was on a hunting trip, though he was within his Circuit; that on December 28th, 1911, an appeal from the foreclosure decree was taken by the defendant; and an application was filed for an order to fix the amount and condition of the supersedeas bond under the statute; that in the absence of the judge, an order was made on January 1st, 1912, by the judge of another Circuit fixing the amount and condition of the supersedeas bond and approving the bond; that after notice of this order was communicated to the master he made the sale on the same day, and the sale was on January 2nd, 1912, confirmed by the judge who rendered the foreclosure decree; and that a conveyance of the property was then made by the master appointed for that purpose.

In obtaining supersedeas orders in this class of cases the function of the Circuit Judge is to fix the amount and condition of the supersedeas bond. If this is done within thirty days after the decree is rendered and recorded, the bond executed, approved and filed within that time, operates as a supersedeas under the statute. If the order fixing the amount and condition of the bond is not made and the bond is not approved and filed within thirty days after the rendition and record of the decree there can be no supersedeas unless an order therefor is made by the Supreme Court or a Justice of the Supreme Court, and such order is made effective in the manner provided by law. See Secs. 1701, 1909, Gen. Stats. 1906; International Kaolin Co. v. Vause, 60 Fla. 324, 53 South. Rep. 644.

In this case no supersedeas order was made by a Justice of this court, and the Circuit Judge had no authority to fix the amount and condition of a supersedeas bond on January 1st, 1912, which was not within thirty days after December 1st, 1911, on which date the decree appealed from was rendered and recorded.

A bond not approved and filed within thirty days after the date of the record of the decree did not operate as a supersedeas in the absence of an order by this Court or a Justice thereof. As the appeal had been entered, the cause was pending in this court and the Circuit Judge apparently did not make an order staying the execution of the decree appealed from, as contradistinguished from a supersedeas.

As there was no valid supersedeas order to be violated, the application is denied.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.