E. P. BANNING, ANNA MAE BANNING, HIS WIFE, AND ANDREW BYSHEIM, *Appellants,* v. H. D. BROWN, A. M. IVES, J. H. PATTERSON AND DEBOINIERE HOUGH, *Appellees.*

Opinion Filed January 19, 1917.

1. A Master in Chancery has no authority to pass upon and determine any question affecting the propriety or competency of an order of a Circuit Judge fixing the amount and conditions of a bond for supersedeas, or the sufficiency of the bond filed in pursuance of such order.

2. If there is the semblance of a supersedeas bond on file within thirty days of the date of entry of the decree or order appealed from the Master cannot disregard it, and for him to do so, is contempt of court.

3. The entry of appeal, the order fixing the amount and conditions of the bond, its execution, approval and filing within thirty days of the entry of the decree or order appealed from. are all that is necessary to set the statutory supersedeas in operation, and when that is done, the power of the Circuit Judge is ended, except that he may correct the record to make it speak the truth.

Original Proceeding in Contempt.

Respondent adjudged in Contempt.

*C. O. McCollum, John T. Crawley* and *M. H. Long,* for Appellants;

*W. A. Daniel,* for Respondent.

BROWNE, C. J.—On January 4th, 1917, a rule *nisi* was issued by this court on the petition of E. P. Banning and others, against W. A. Daniel, to show cause why he should not be adjudged in contempt for disregarding a supersedeas obtained upon the appeal herein.

On January 11th, 1917, W. A. Daniel filed his answer, and the petitioner moved to make the rule *nisi* absolute.

*Statement*

On the 24th of November, 1916, a final decree of foreclosure was entered in the Circuit Court of Duval County against E. P. Banning, Anna Mae Banning and Andrew Bysheim, and W. A. Daniel was appointed Special Master in Chancery to execute the decree and sell the lands and tenements described therein, in default of the payment of several sums of money decreed to be payable to complainants.

On the 18th day of December, 1916, an appeal to this court was entered by E. P. Banning, Anna Mae Banning and Andrew Bysheim, and on the 22nd day of December, 1916, application was made to the Judge of the Circuit Court of Duval County for an order fixing the amount and conditions of the supersedeas bond, and on the same day the Circuit Judge made an order fixing the amount and conditions of the bond, and on December 23rd, the bond was executed, approved by the Clerk, and filed in the cause.

. On January 1st, 1917, the appellants filed a petition

before Circuit Judge Gibbs, alleging that the cross-complainants intended to sell the property on that day, and praying that an order be granted restraining the Special Master from making the sale, which petition was denied; and on the same day the respondent W. A. Daniel, as Special Master in Chancery, offered for sale and sold the property described in the decree.

The respondent in his answer admits that he sold the property, and says he ought not to be adjudged in contempt therefor, for the following reasons:

1. Because the Circuit Judge fixed the amount and conditions of the bond four days after the entry of the appeal.

2. Because the bond filed and approved by the Clerk of the Circuit Court was not in compliance with the order of the Circuit Judge fixing the amount and conditions of the bond.

3. Because the names of two strangers to the record are written in the bond with the principals, and signed the same.

4. Because the Circuit Judge in one place in his order used the words "cross-defendants," where "cross-complainants" should have been used.

5. Because the bond omitted the words "during the pendency of the appeal," which were contained in the order.

6. Because the bond omitted the words "if the judgment or decree of this court on November 24, 1916, be affirmed."

7. Because the order did not sufficiently identify the judgment or decree appealed from.

8. Because the bond did not sufficiently identify the judgment or decree appealed from.

9. Because the bond filed and approved by the Clerk

of the Circuit Court was not a statutory, but a common law obligation.

10. Because the bond is payable to H. D. Brown, A. M. Ives, J. H. Patterson and DeBerniere Hough," and not to "the order of" H. D. Brown, etc., as required by the order.

11. Because it was reported to him that the Circuit Judge who denied the petition for a restraining order, said that he did not require any further delay.

Each of these propositions the respondent as Special Master proceeded to consider and determine, and he resolved them against the appellants and ignored the supersedeas, and in his answer to the Rule says he was justified in so doing. In effect his contention is, that if an appeal is taken and an order made by a Circuit Judge fixing the amount and conditions of a supersedeas bond and the bond is approved by the Clerk and filed, all within thirty days from the entry of the decree appealed from, the Master in Chancery may consider and determine the sufficiency or legality of the order; whether or not the Circuit Judge had authority to make an order determining the amount and conditions of the bond, after the entry of the appeal; whether or not the bond conformed to the terms and conditions of the order; whether or not the order and bond sufficiently identified the judgment intended to be superseded; whether or not a palpable clerical error in the Circuit Judge's order fixing the amount and condition of the bond, rendered the former of no effect. If this contention is sound, a Special Master may adjudicate any and all questions which may arise on an appeal, on which a supersedeas may be attacked. Respondent bases his right to so determine these questions on the decision in Mitchell v. Mason, 63 Fla. 538, 57 South. Rep. 604.

The case does not support his contention. In that, case the decree was entered and recorded on December 1, 1911. The sale took place on January 1st, 1912, the day after the expiration of the thirty days within which the order of the Judge fixing the amount and conditions of the bond must be made and the bond executed, approved and filed. The point decided in that case was that there was no order or semblance of an order of the Circuit Judge fixing the amount and condition of the bond, and there was no bond or semblance of a bond executed, approved and filed within the thirty days provided by the statute, and consequently there was no supersedeas, and the master had a right to sell the property. There is a wide distinction between the right of a Master to determine the physical fact of the total absence of a supersedeas order or bond filed within the time required by law, and the right to determine whether the order or bond on file was defective, erroneous or improper. The one involves only the ascertainment of a fact, the other involves a legal proposition requiring judicial determination. No supersedeas order by the Circuit Judge is required. The entry of appeal, the order fixing the amount and conditions of the bond, its execution, approval and filing, within thirty days of the entry of the decree or order appealed from, are all that is requisite to set the statutory supersedeas in operation; and when this is done, the power of the Circuit Judge is ended, except that he may correct the record to make it speak the truth.

In Continental Nat. Building & Loan Ass'n v. Scott, 41 Fla. 421, 26 South. Rep. 726, this court said: "The statute simply authorizes the Circuit Judge by his order, to set the supersedeas in motion, and when this is done his power over the supersedeas becomes *functus officio*.

He cannot vacate or disturb it, but any application for its discharge or vacation must be addressed to this court, whose process it is."

One of the grounds urged by respondent justifying his ignoring the supersedeas, is that it was reported to him that Circuit Judge Gibbs said he did not require any further delay. In Mitchell v. Mason *supra,* the respondent sought to justfy his conduct by a letter from the Circuit Judge telling him "Do not deliver any papers without the order of the court," and this court said: "That phase of the answer that sets up the instruction by letter from the Circuit Judge to the respondent not to deliver the property cannot excuse him. The appeal removed the case to this court. The power of the Circuit Judge was suspended by the supersedeas, and after it was perfected the Circuit Judge had no power to make any further order relative to the property in the receiver's hands, until after this court had acted in the premises."

In State v. Johnson, 13 Fla. 33, Chief Justice RANDALL said: "That it be made the plaything of whosoever may choose to deride its judgments or its process, and ignore its existence and its acts, because the opinions of the Judges and the judgments of the court may not meet the approval of the counsel upon the one side or the other of a controversy, or may not be in accordance with the opinions or the wishes of subordinate officers, cannot be allowed without surrendering the judicial character and confessing the impotency of this department of the government. Courts commit errors, and parties may suffer from the improvidence or corruption of their Judges, yet the remedy for these is not in individual resistance or in a resort to private judgment. Every court will hear the appeals of those who conceive

themselves to be wronged or threatened with injustice by the execution of its decrees. If its errors be made apparent, it will do justice to itself by dealing justice to parties without fear and without hesitation. There is no excuse for resistance of the orders of the courts in this country where their doors are wide open, and where every human being may be heard in the presence of the whole people."

When the appeal is entered, and the Circuit Judge has determined the amount and conditions of the bond, and the bond is executed, approved and filed, all within thirty days from the entry of the decree appealed from, the supersedeas begins to run, and neither the Circuit Judge, nor the master, nor any other person may ignore it without being amenable to this court for contempt. This court alone has jurisdiction to determine all questions arising out of the manner of taking the appeal, the sufficiency or character of the order of the Circuit Judge, or the form and sufficiency of the bond; and application for relief from anything connected with the attempted appeal must be made to this court alone.

The Supreme Court of West Virginia thus lays down the rule:

"In order to justify any punishment in such a case, the process of the court disobeyed must have been its lawful process.

"By its lawful process is meant such process as the court has jurisdiction to issue. If such jurisdiction exists, its process is lawful, though it be improvidently awarded, or though on the merits of the case it ought not to have been awarded.

"If a *supersedeas*, which this court has the power to issue, be improvidently awarded, the defendant should move to have it quashed; and he cannot, while it is in

force, disobey it with impunity." State v. Mason, 16 West Va. 864.

In Deming Inv. Co. v. Fariss, an Oklahoma case, the court said: "The Deming Investment Company, in a suit against Fariss and others upon a note and mortgage, obtained a judgment for a sum of money, and a decree directing the sale of the mortgaged premises to satisfy the judgment; that Fariss appealed from the judgment, and undertook to supersede the same by giving a bond in a sum double the amount of the judgment and costs. The bond was approved by the clerk of the court, and the appeal filed in the supreme court. Notwithstanding such supersedeas bond, the Deming Investment Company asked for and obtained from the clerk of the district court an order of sale, and were proceeding to sell the property to satisfy their judgment, when, upon application of Fariss to the district court, the sale was enjoined pending the appeal in the supreme court. To vacate such order the Deming Investment Company brings the case here, and assigns numerous errors. It will not be necessary to consider all of these, as we think the entire question may be disposed of without such consideration. Under the law governing appeals (section 4447, St. Okl.) authority is granted to supersede judgments and it is provided that the clerk of the court in which any judgment is rendered may take and approve the bond. In the case under consideration the clerk had accepted and approved the bond before the order of sale issued. The fact that the bond may not have conformed in all particulars to the statute did not make the instrument a nullity, but, if defective, the remedy was by motion to the court below for additional security, or for a correction of the bond. As we view this matter the approval of the bond by the clerk in a case wherein the statute directs him to

accept and approve a bond, as is the case under our statute, is tantamount to an order of the court, and supersedes the judgment. The only way by which supersedeas may be set aside is by direct attack. It cannot be ignored, or an execution issued as long as it remains on record until its effect has been tested in this manner. In this case it was sought to disregard the bond because one of the conditions required by the statute was not inserted therein. The bond was for double the amount of the judgment and costs, but did not provide that while the possession of the property was in the appellant he would not commit or suffer to be committed any waste thereon, and that, if the judgment complained of should be affirmed, he would pay the value of the use and occupation of the premises, etc. Whether or not such provision should have been in the bond, it is unnecessary to decide. The bond, as it was drawn, was accepted and approved. The clerk had the right, under the law, to act in the matter, and, having such jurisdiction his action must stand until set aside; and if, upon motion to the court, relief such as the parties deem themselves entitled to cannot be obtained, an appeal will lie to this court; but until the bond as accepted is held insufficient, or the action of the clerk in approving the same be vacated, the judgment is superseded." Deming Investment Co. v. Fariss, (Okl.) 50 Pac. Rep. 130. See also Smith v. Caldwell, Ken. Dec. (Sneed 1801-5) 341.

When an appeal bond 'has been approved its sufficiency is thereby determined until further order of some competent court. State *ex rel.* Hecker v Klein, 137 Mo. 673, 39 S. W. Rep. 272.

The jurisdiction of this court has frequently been invoked to adjudicate the question of the sufficiency of the several steps necessary to put in operation the pro-

visions of the statute governing a supersedeas, and to vacate it if improperly taken. Warner v. Watson, 27 Fla. 518, 8 South. Rep. 842; Dell v. Martin, 31 Fla. 152, 12 South. Rep. 216; Wheeler & Wilson Manuf'g. Co. v. Johns, 37 Fla. 262, 20 South. Rep. 236; Palmer v. Palmer, 41 Fla. 184, 26 South. Rep. 640; Hathcock v. Societe Anonyme La Floridienne, 54 Fla. 522, 45 South. Rep. 22.

In Howell v. Commercial Bank, 51 Fla. 460, 40 South. Rep. 76, the question of a condition imposed by the Circuit Judge in an application to fix the conditions of a supersedeas bond, was attacked on appeal, and this court said: "This is not a matter for an assignment of error on appeal from the final decree, but if the court upon whom the statute casts the duty of fixing the conditions violates its discretion therein, *a different procedure is called for.*" The "procedure" which this court meant, was such as was had in the cases cited above, and not the judgment by a Master in Chancery.

To permit a Master in Chancery to pass upon and determine any question which may arise affecting the propriety or competency of an order of a Circuit Judge fixing the amount and conditions of a bond for supersedeas, or of the sufficiency of the bond, would be to create an intermediate appellate tribunal to decide these questions before the case reaches this court for decision on its merits. The constitution, however, has not created such a tribunal, and any action or proceeding in disregard and defiance of the force and effect of a supersedeas or stay, is a contempt of the authority and jurisdiction of this court.

The making of a conveyance in pursuit of said sale, held herein to have been made in contemptuous disregard of the supersedeas of this court will be but a con-

tinuation of the disregard of the supersedeas. The respondent is hereby adjudged to be in contempt for his disregard of the supersedeas of. the decree appealed from, but as the purpose of the Rule is accomplished by the adjudication of the question involved, there is no necessity to impose a severe penalty on the respondent, either as punitive of him, or as a deterrent to others likewise inclined, and there being no wilful contumacy in the action of the respondent in the premises, the Rule will be discharged upon the payment by respondent herein of the costs of this proceeding.

TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.