CARROLL, DONALD K., Judge.
The plaintiffs, Herman B. White, Jr., and Blelen R. White, his wife, have appealed from a final decree entered by the Circuit Court for Escambia County dismissing with prejudice their complaint in which they sought a decree ordering the transfer of a vendor’s lien from certain real property to United States interest-bearing securities to be deposited by them in the court’s registry.
As alleged in the complaint, the present cause grew out of the final decrees entered *149 by this Circuit Court in two prior suits. The first of these suits was brought by the present appellee, Christine White, and. John George White, then her husband, against the present appellants, seeking to impress a trust on certain realty. Upon a motion for an accounting of the purchase price of the properties, the court entered a final decree, dated December 12, 1958 (usually referred to throughout the proceedings and in this opinion as "the judgment”), declaring that it had been admitted that such purchase price carried as a matter of law the right to a vendor’s lien upon the properties sold, and decreeing:
“that the purchase price of the properties so involved was $42,000.00, payable in twenty equal annual instal-ments on or before the 18th day of April of each year, beginning with the year 1952, and one final instalment of $22,000.00 payable twenty years after the said date. That no interest is payable upon any instalment prior to default in its payment, and no defaults appearing from the record such interest shall become payable only upon future defaults. That the parties having computed the account upon the principles set forth and finding credits thereon in the aggregate amount of $24,163.41, and the court finding that same is applicable to the portion of the debt first becoming due finds a balance of $17,836.59 payable in annual instalments and a final in-stalment as hereinabove set out.”
The decree was then appealed to this court and affirmed by per curiam order without opinion, as reported in White v. White, Fla.App.1959, 115 So.2d 197.
The second decree forming the background for the present suit is a final decree of divorce entered on January 7, 1960, in favor of the present appellee and against the said J. George White. The last two paragraphs of this divorce dqcree pertain to the final decree dated December 12, 1958, and reads as follows: ; ;
"The parties are presently- the owners of a judgment against Herman White in the approximate sum of $18,-000, the same constituting a lien on the property of the said Herman White. It is the order of this court that each party is entitled to one-half of the proceeds of said judgment. It is the understanding of the court that from time to time, in order to release the lien held by the plaintiff and the defendant upon the property of Herman White, the said Herman White is to pay certain monies toward said judgment in order to have certain property released from the lien. This court shall be open at all times to determine the division of this money and to determine the amounts to be paid by the said Herman White for the release of said lien.
“The court expressly reserves jurisdiction over this judgment and over the parties and the subject matter hereto to carry out the terms of this decree, including the sale and distribution of the property and the release of the within described lien and the payment of the monies by the said Herman White, and in all other respects.”
In the present litigation the appellants, as the plaintiffs below, alleged in their complaint,' after averring the foregoing facts, that, since the rendition of the said divorce decree and the division of the interest of the spouses in the said judgment, the plaintiff Herman B. White, Jr., had arrived at an agreement with his brother, the said John George White, as to the release of his interest in the said judgment as the exigencies of his business might require, and hence the said brother was not made a party to the suit; that the said plaintiff had endeavored to negotiate fairly to the same end with -the defendant, Christine White, and her counsel in the divorce action and had been informed by- them that he would get no release in whole Qr in part *150 of any of his property from her interest in the said judgment unless and until the whole thereof without discount was promptly paid; that the chief occupation of Herman B. White, Jr., is the handling, development, and sale of real property, including the realty covered by the vendor’s lien evidenced by the said judgment; that the said real property is of substantial value, greatly in excess of the amount of the judgment, and the purpose of the ap-pellee, Christine White, and the necessary result of her conduct are to endeavor to extort an inequitable advantage from the embarrassment which the lien of the judgment would cause to the plaintiffs. The plaintiffs’ theory of the court’s jurisdiction of the present suit is thus stated in their complaint:
“ * * * the court having inherent power to prevent wrong from being done under its process and to do equity between the parties, and the said lien being solely given for the purpose of securing the payment of the judgment and under its retainer of jurisdiction in connection with the same has jurisdiction to transfer as equity may require, the lien of the said judgment to other adequate securities.”
The last two paragraphs of the complaint are as follows:
“That the Plaintiffs are ready, able and willing to deposit as may be required by this court, in the registry thereof, United States interest bearing securities to. the amount of the interest of the Defendant, Christine E. White, in the said judgment with appropriate provision for the payment of said judgment therefrom upon its maturity, and in the interim to permit the said securities to earn interest for the Plaintiffs.
“Wherefore, Plaintiffs pray that the court may order such deposit, permit the Plaintiffs to collect the periodic interest thereon (not impairing the principal) and that when such is done the court may by its decree extinguish all lien of said decree Exhibit ‘A’ insofar as it applies to the interest of the Defendant therein.”
The Exhibit “A” referred to in the last paragraph is a copy of the final decree dated December 12, 1958. In her answer to the complaint the defendant-appellee admitted, denied, or pleaded lack of knowledge of, the allegations of the complaint, and raised the affirmative defense that the matters complained of were res adjudicata in that the issues in the original complaint concerning a lien had all been set at rest by virtue of the decision of the court, which was affirmed on appeal.
The testimony of the plaintiff Herman B. White, Jr., and the defendant, Christine E. White, was taken before the chancellor. This plaintiff testified substantially in support of the complaint and further stated that he proposed to substitute for the vendor’s lien any government bonds “or any kind of bonds that the Court would accept,” bonds he did not then have but would purchase; that he proposed to put up only enough bonds to cover the defendant’s share in the judgment, not the full amount. The defendant testified that she felt that she would have better security with the vendor’s lien than with bonds, for “I can depend on getting that much in either property value or actual cash money, in 1972. That is the best security I know of.” In answer to the question on cross-examination whether she regarded the security she then had as “superior to bonds of the United States with a maturity date earlier than the due date on your money”, she replied, “Yes, I certainly do.”
Upon final hearing the Circuit Court dismissed the plaintiffs’ complaint with prejudice, the court stating that it was of the view
“that the defendant has a substantive right to retain the existing vendor’s lien until the debt secured thereby is *151 paid, and that should this court permit any other collateral for the security of the indebtedness owed the defendant, it would amount to depriving the defendant of her property in violation of Section 12 of the Florida Declaration of Rights and the Fifth and Fourteenth Amendments to the Federal Constitution * * * ”
The plaintiffs then filed a petition for rehearing, which was denied by the Circuit Court in an order declaring that it was “prevented by constitutional restraint, as interpreted by the Supreme Court of Florida, in the case of City of Sanford v. McClelland [121 Fla. 253], 162 So. 513 from granting the relief sought * * * ”
The intriguing question thus presented on this appeal is whether, under the allegations in the complaint and the evidence, the appellants-plaintiffs are entitled to the decree of the court extinguishing the lien recognized in the final decree dated December 12, 1958, insofar as it applies to the interest of the appellee-defendant, upon the depositing by the plaintiffs in the court’s registry of certain United States interest-bearing securities to the amount of the appellee’s said interest.
In support of the extraordinary proposition for which they contend, the appellants have cited in their main and reply briefs no authority, whether text, decision, or otherwise. The only case cited by the appellants in either brief for any proposition is Mahood v. Bessemer Properties, Inc., 1944, 154 Fla. 710, 18 So.2d 775, 153 A.L.R. 1199, in which the Supreme Court of Florida held constitutional a Florida statute .removing the lien of unperformed sales contracts from real estate titles. Our own research has likewise failed to reveal any decision upholding the right of a lienee to substitute another security for a vendor’s lien on his real property under circumstances analogous to those here. In the absence of direct authorities, we must resort to the applicable general principles in order to reach a proper adjudication of this issue.
Such a general principle is invoked by the appellee in her contention that the right to retain a lien until the debt it secures is paid is a substantive property right which may not constitutionally be taken from the creditor. This general rule is thus stated in 33 Am.Jur., Liens, Sec. 27:
“ * * * the right to retain an existing lien until the debt secured thereby is paid is a substantive property right which may not be taken from a creditor consistently with the Fifth and Fourteenth Amendment to the Constitution.”
The appellee’s position on this point finds strong support in the language used by the Supreme Court of Florida in its opinion in the case of City of Sanford v. McClelland, 1935, 121 Fla. 253, 163 So. 513, 514. In that case, one Augustus T. Ashton had obtained a judgment against the city and levied on certain lots owned by it. A few days after this levy was made, an act became law providing that no execution maybe levied under a judgment against a municipal corporation. The Supreme Court pointed out that the rendition of a judgment against a municipal corporation did not create a general lien on real property owned by it but that a lien existed only after some particular parcel of land belonging to the municipality and subject to execution and sale had been levied upon. The Supreme Court then said:
“A lien is a qualified right or a proprietary interest, which may be exercised over the property of another. It is a right which the law gives to have a debt satisfied out of a particular thing. 17 R.C.L. 596, § 2. The qualified right of proprietary interest thus attained by Augustus T. Ashton in these lots vested in him on the date of the levy, to wit, April 11, 1935.
*152 “A vested right has been defined as 'an immediate, fixed right of present or future enjoyment’ and also as ‘an immediate right of present enjoyment, or a present, fixed right of future enjoyment.’ Pearsall v. Great Northern R. Co, 161 U.S. 646, 16 S.Ct. 705, 713, 40 L.Ed. 838.
“The Constitutions of both the state of Florida and of the United States provide that no person shall be deprived of his property without due process of law. Section 12, Declaration of Rights, Florida Constitution; Fifth Amendment, United States Constitution. These constitutional provisions fully protect any impairment of vested rights. 6 R.C.L. 310, § 297.
“Therefore the law enacted by the Legislature and approved by the Governor on April 19, 1935, could not effect the vested rights of Augustus T. Ashton acquired prior thereto by his levy of execution, even if the legislative act is valid, which we do not here determine.”
In the present case upon the entry and recordation of the final decree dated December 12, 1958, the existence of this lien was judicially recognized and made effective. It was a vendor’s lien upon the real property in question, a levy not being necessary to the existence of this lien. ■
The appellants counter, however, with the contention that they are entitled to the benefits of the provisions quoted above from the final divorce decree entered On January 7, 1960, in which the court reserved jurisdiction over the judgment, the parties, and the subject matter thereof. While the appellant Herman White is mentioned by name in that final decree, he was in no sense a party to that divorce suit, and we do not think that the quoted provisions in the' decree were intended for his protection and benefit but think that they were intended to protect the interests of each of the parties in that divorce suit, Christine White and John George-White, in the division of the proceeds paid under the judgment, etc. No intention or contemplation is discernible by us in those-provisions to permit the extinguishment of the vendor’s lien on the realty in question- and the substitution of other security.
Upon the basis of the reasoning- and the ruling of the Supreme Court of Florida in the McClelland case and the-general rule prevailing in other jurisdictions we hold that the right to retain an, existing vendor’s lien until the debt secured thereby is paid is a substantive property right. We think that it is a necessary corollary of this holding that, after this lien legally attaches to certain property, the lien cannot constitutionally be extinguished and other security substituted without the consent of the lien holder to such extinguishment and substitution.
.These conclusions are strengthened by a consideration of the nature and purpose of a vendor’s lien.
Our Supreme Court has in several cases defined a vendor’s lien to be “a right which the law by implication accords to the grantor of land, who has conveyed the title, and reserved no express lien, and has taken no security for the purchase money other than the personal obligation of the grantee, to subj ect the land in equity for the payment of the unpaid purchase money.” See Johns v. Seeley, 1927, 94 Fla. 851, 114 So. 452, Special Tax School District No. 1 of Orange County v. Hillman, 1938, 131 Fla. 725, 179 So. 805, and cases cited therein. A vendor’s lien effects only the particular land sold by the vendor and does not cover other real property owned by the vendee, as in the case of a judgment lien. The vendor’s lien is regarded as personal and not assignable, as was held in Alabama-Florida Co. v. Mays, 1933, 111 Fla. 100, 149 So. 61, 91 A.L.R. 139.
Many reasons come to mind why it would be disadvantageous to a vendor to *153 he forced to accept security other than the land he sold in the place of his vendor’s lien on that land. By implication of law, .a vendor’s lien upon the land sold becomes, in effect, a part of his bargain with the vendee. In reliance upon that implied vendor’s lien as subjecting the land in equity to the payment of the unpaid purchase •money, the grantor may have failed to reserve an express lien and may have taken no security for the purchase money other than the personal obligation of the ven-dee. The vendor may have many personal reasons why he would want only a lien on the land sold and would not want a lien ■on other kinds of property. When a contract for sale provides for periodic payments over a number of years, the vendor might well have additional reasons why he would not wish another form of security that would provide payments on an accelerated basis — perhaps for tax purposes, as an example. The most important consideration, however, is that the vendor’s lien is a property right, and we do not think that he can constitutionally be forced to give up his vendor’s lien on the land he has •sold and accept other kind of property as his security, no matter how attractive the substituted security might be made to sound to other persons.
From a purely business point of view, we recognize the persuasiveness of the logic in the appellants’ argument that the securities which they propose to deposit in the court’s registry would be just as good as, if not better than, the real property now affected by the vendor’s lien. This logical position falls, however, in the face of our holding that the appellee has a property right in her interest in the vendor’s lien on the particular real property in question. Neither the Circuit Court nor this court can properly deprive her of such property right and require her against her will to accept other security as a substitute.
The appellants’ burden on this appeal, however, is even heavier — they must not only demonstrate that the Circuit Court had the power to grant the prayer of their complaint and substitute the bonds in place of the real property as security for the appellee’s interest in the vendor’s lien, but also must demonstrate that the Circuit Court abused its discretion in not granting this relief under the pleadings and the evidence. Even if the Circuit Court had the authority to grant the relief, we could not say on this record that the court abused its discretion in refusing to do so.
We think that the Circuit Court for Es-cambia County was eminently correct in entering the final decree appealed from, and so that decree must be and it is affirmed.
Affirmed.
STURGIS, Acting C. J., and FITZPATRICK, W. L., Associate Judge, concur.