PER CURIAM.
The petitioner seeks review by certiorari of the trial court’s order entered subsequent to this court’s order staying all further proceedings in the trial court.
Petitioner/mortgagee is foreclosing a mortgage against the respondent/mortgagor. Prior to trial, petitioner/mortgagee sought review by certiorari of a discovery order entered by the trial court. This court, upon the filing of the petition, entered a stay order prohibiting further proceedings in the trial court.
Thereafter, the respondent/mortgagor moved in the trial court for the substitution of the security interest in the real property. The trial court granted the motion and released the mortgage on the real property. In lieu of the petitioner’s/mortgagee’s lien on the property, the trial court allowed the respondent/mortgagor to deposit $1.25 million dollars into the registry of the court.
Upon the issuance of a stay order, by this court, the trial court should not have converted the security interest in real property into cash. See Banning v. Brown, 73 Fla. 54, 74 So. 23 (1917); Sunrise Beach, Inc. v. Phillips, 181 So.2d 169 (Fla. 2d DCA 1965); McLean v. McLean, 340 So.2d 493 (Fla. 1st DCA 1976). Moreover, the petitioner/mortgagee should not be required to accept a substituted security interest since a mortgage lien is a property right which cannot be extinguished and other security substituted except by agreement of the parties, where the property is sold at judicial sale, or taken under the power of eminent domain. Substituted security cannot be forced upon the lien holder in place of his lien. See Seaboard All-Florida Railway v. Leavitt, 141 So. 886 (Fla.1932); White v. White, 129 So.2d 148 (Fla. 1st DCA 1961); 59 CJS Mortgages § 187.
Accordingly, the order authorizing the substitution of security and the release of the mortgage lien on the real property is quashed since it departs from the essential requirements of law. Kilgore v. Bird, 6 So.2d 541 (Fla.1942) and Griffin v. State, 367 So.2d 736 (Fla. 4th DCA 1979).
The petition for writ of certiorari is granted.
LETTS, C. J., and DOWNEY and MOORE, JJ., concur.