GERSTEN, Judge.
Appellant, Robert Gordon, appeals an adverse summary judgment of foreclosure finding that an equitable lien on real property was transferable to a bond pursuant to Section 55.10(6), Florida Statutes (1993). We affirm.
In a prior lawsuit filed in 1990, Gordon obtained a judgment foreclosing his mortgage on property owned by appellee Flamingo Holding Partnership (the “seller”). In the event the value of the property was insufficient to satisfy the amount due to Gordon, the final judgment provided for the imposition of an equitable lien of $962,000 upon the seller’s adjacent property.
In 1995, appellee First Equitable Realty III, Ltd. (the “buyer”), purchased the seller’s property. The buyer paid $24.1 million and intended to convert the apartment complex into condominiums. As part of the sale, the seller was required to post a bond allowing the buyer to acquire title without being subject to the equitable lien.
*1079 In accordance with the procedures outlined in Section 55.10, the seller sought to transfer Gordon’s lien to a corporate surety bond for $2 million. The bond was issued by a surety company, and appellee Harvey Ruvin, as Clerk of the Circuit Court (“clerk”), issued a clerk’s certificate transferring Gordon’s lien to the bond. The sale was dosed and title passed to the buyer in February of 1995.
Gordon sued the clerk, the seller, and the buyer, seeking an order to set aside the clerk’s certificate. A lis pendens was recorded placing potential condominium purchasers on notice that an equitable lien existed on the property notwithstanding the bond. Gordon, the buyer, and seller, filed motions for summary judgment, and the clerk filed a motion to dismiss. The trial court granted the ap-pellees’ motions and denied Gordon’s motion, finding that the surety bond amply protected Gordon’s rights.
Section 55.10(1) provides that a “judgment, order, or decree” becomes a lien on real estate when a certified copy of it is recorded in the official records. Subsection (6) of the statute states that “any lien” claimed under subsection (1) may be transferred from the real property to security by filing a surety bond with the clerk’s office. Once the bond is posted, “the clerk shall make and record a certificate showing the transfer” and mail a copy to the lienor. § 55.10(6), Fla.Stat. (1993).
Subsection (6), the “transfer to bond” provision, was added to Section 55.10 in 1977.[1] In 1987, subsections (1) and (6) were amended to provide that a judgment, “order,” or decree could be transferred to bond.[2] These amendments reflect the legislative intent to further the public policy of favoring free alienability of property which fosters economic growth and commercial development. See Iglehart v. Phillips, 383 So.2d 610 (Fla. 1980); Aquarian Foundation, Inc. v. Sholom House, Inc., 448 So.2d 1166 (Fla. 3d DCA 1984).
Here, Gordon argues that Section 55.10 only applies to judgments and decrees for the payment of money. Gordon cites to White v. White, 129 So.2d 148 (Fla. 1st DCA 1961), contending that an equitable lien is a constitutionally protected right which cannot be extinguished by substituting security without the consent of the lienholder. We disagree.
White involved a vendor’s lien which the owner of the property sought to have transferred to treasury bonds in the maximum amount of the debt. The trial court denied relief based upon the judgment for $18,000 payable in twenty annual installments, essentially preventing the conveyance of the property which had a value greatly in excess of the amount of the judgment. White, 129 So.2d at 150. The First District affirmed, holding that the lien could not be transferred to another security.
Quite simply, White is not applicable because it was decided sixteen years before the “transfer to bond” provision was added to Section 55.10. The evolution of the statutory language in subsection (6), now explicitly authorizes the substitution of a bond without the lienholder’s consent under Florida law. Moreover, White involved a transfer to government securities — not a transfer to a corporate surety bond as occurred in this case and as provided for in Section 55.10.
Section 55.10 specifically states that the bond must be executed by a surety insurer licensed to do business in the state. The judgment creditor is well-secured by the fact that the Florida Insurance Department can monitor and regulate the surety, and the liability of the surety may be enforced summarily under Florida Rule of Civil Procedure 1.625, in the event the lienee does not pay.
We thoroughly agree with the trial court’s finding that the plain language of Section 55.10 furthers an important public policy and permits a party to bond an equitable lien. Such a procedure prevents judgment creditors from disrupting the free transferability of real estate, and at the same time protects valid substantive property rights. Accord *1080 ingly, we affirm the trial court’s rulings in all respects.
Affirmed.

. This provision was initially added as subsection (2) by ch. 77-462, Laws of Fla. It was then renumbered subsection (6) by ch. 87-67, § 2, Laws of Fla.

. Ch. 87-67, § 2, and Ch. 87-145, § 7, Laws of Fla.