BEACH COMMUNITY
BANK, Petitioner,

v.

Michael P. SPELLMAN, as Trustee of the Shuaney Irrevocable Trust Created Under Trust Agreement Dated March 1, 1996, Respondent.

CASE NO. 1D16–0467

District Court of Appeal of Florida,
First District.

Opinion filed December 27, 2016

Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, for Petitioner.

No appearance for Respondent.

PER CURIAM.

Beach Community Bank ("Beach Bank") seeks review by certiorari of the trial court's order granting the motion of Shuaney Irrevocable Trust ("Shuaney") to allow sale of collateral property. Beach Bank argues that, by requiring it to give up its mortgage, the trial court's order violates a constitutionally-protected property interest. We agree and grant the petition.

Beach Bank filed a complaint seeking to foreclose mortgages on several parcels of real property owned by Shuaney. While Beach Bank's foreclosure action was pending, Shuaney entered into contracts to sell two of the mortgaged properties. Shuaney moved for an order requiring Beach Bank to release its mortgages. The court granted Shuaney's motion with respect to one of the two properties with the condition that the proceeds from the sale be held in escrow or, alternatively, deposited in the court's registry, until the foreclosure action is concluded.

In Mailman Dev. Corp. v. Segall, 403 So.2d 1137 (Fla. 4th DCA 1981), the Fourth District granted certiorari under substantially identical circumstances. In that case, the petitioner initiated foreclosure proceedings on a mortgage in real property owned by the respondent. Id. at 1138. The trial court granted respondent's motion to have the mortgage substituted with cash and released the mortgage. Id. In place of the petitioner's mortgage, the respondent was permitted to deposit $1.25 million dollars into the registry of the court. Id. The Fourth District quashed the trial court's order, reasoning that "a mortgage lien is a property right which cannot be extinguished and other security substituted except by agreement of the parties, where the property is sold at judicial sale, or taken under the power of eminent domain." Id.

The legal principle on which the Mailman court based its decision is well-settled. See Zipperer v. City of Ft. Myers, 41 F.3d 619, 623 (11th Cir. 1995) ("Florida courts have determined that a mortgage can be a constitutionally protected property right."); Fla. Bankers Ass'n v. Fla. Dev. Fin. Corp., 176 So.3d 1258, 1271 (Fla. 2015) (Lewis, J., concurring in result) (stating that "mortgage holders possess a constitutionally protected property right"); City of Panama City v. Head, 797 So.2d 1265, 1267–68 (Fla. 1st DCA 2001) ("We begin our constitutional analysis by recognizing that a mortgage is a constitutionally protected property interest.").

Here, the trial court departed from the essential requirements of the law. As the Mailman court held, a mortgagee cannot be forced to give up its mortgage for substitute collateral. Yet the trial court did just that by ordering Beach Bank to release its claimed mortgage in exchange for a security interest in cash proceeds.

The trial court distinguished Mailman, taking the position that the mortgage at issue in this case was materially different than the Mailman mortgage because the mortgage there was obtained by a so-called "direct mortgage," while the mortgage here was obtained "by reason of a contract which the bank claims assigned them the rights under a mortgage."

This is a distinction without a difference. Mortgages are themselves contracts. See Zipperer, 41 F.3d at 623 (stat-

ing that "a mortgagee ... is in essence a party to a security contract"); Pitts v. Pastore, 561 So.2d 297, 300 (Fla. 2d DCA 1990) (stating that "a mortgage is an executory contract"). For this reason, we see no meaningful difference between Mailman and the facts of this case. By ordering Beach Bank to release its mortgage, the trial court violated a constitutionally-protected property interest.

Accordingly, we grant the petition and quash the trial court's order requiring Beach Bank to release its mortgage.

GRANTED.

LEWIS, BILBREY, and WINOKUR, JJ., CONCUR.